the defendant's road from East St. Louis, Illinois, its destination being Rome, Georgia, and the date of the bill of lading being January 15. Ramey, one of the plaintiffs, testified that the car arrived at East Rome on January 22d. There was no unreasonable delay until then. When it arrived at East Rome, Ramey notified Walker, the yardmaster of the East Tennessee, Virginia & Georgia Railway Company, to bring the car over into Rome immediately, and Walker promised to do so within half an hour. The car was not delivered in Rome until after 36 hours after it arrived in East Rome. It is about half a mile from East Rome to the freight depot in Rome. The car could be brought from East Rome inside of two hours, even if the track was very much blocked and a great deal of switching had to be done; two hours would be ample time. Rome and East Rome are two separate and distinct stations on the line of the East Tennessee, Virginia & Georgia railway, and are numbered differently. Ramey was in the railway service four years in Rome, connected with the East Tennessee, Virginia & Georgia Railway Company's freight office. Walker, the yardmaster, was sworn for the plaintiffs, and he testified thus: "I did promise to deliver the car of meat in Rome in a short while. I promised Mr. J. G. Ramey to that effect. I did not deliver the car in Rome because of the crowded condition of the railroad yard. The car was delayed about thirty-six hours. Got the car in as soon as I could."

C. ROWELL and W. S. ROWELL, for plaintiffs.
C. A. THORNWELL, for defendant.

---

THOMPSON v. RAY, administrator.

1. There was no error in holding that a witness offered by one of the defendants was incompetent to testify to a transaction had with the plaintiff's intestate, in which the witness acted as the agent of

that defendant. Even if this holding had been erroneous, there would be no cause for a new trial, it not appearing what the transaction was or what facts were sought to be proved by the witness.

2. As the alleged newly discovered evidence would not probably produce a different verdict, and moreover as it might, with the exercise of proper diligence, have been discovered before the trial, it affords no cause for setting the verdict aside.

July 24, 1893.                                    *Judgment affirmed.*

Complaint. Before Judge HARRIS. Campbell superior court. February term, 1892.

Ray as administrator of Reid sued Thompson and McCurry, alleging in brief: Reid died in December, 1888, a bachelor. Thompson obtained temporary administration, and found among Reid's papers a note given by McCurry to Reid, and took possession of it as part of the estate, but set up no claim to it. Plaintiff became the permanent administrator and demanded the note, but Thompson refused to give it up. It was prayed that Thompson be required to give up the note, and that plaintiff have a judgment against McCurry for the amount of it. Thompson pleaded that he claimed no title to the note or money due on it, and was willing to deliver it up. Mrs. Thompson was made a party defendant, alleging that the title to the note was in her; that Reid in his lifetime gave it to her, and if ever after such gift he was in possession of it, he held it as her trustee; and that such gift was based on a meritorious consideration. The jury found that plaintiff recover the note and recover of McCurry on the note. Defendant's motion for new trial was overruled, and she excepted. The motion alleged, beside the general grounds, that the court erred in holding that Thompson was an incompetent witness to testify to any transaction had with Reid, in which he was the agent of his wife, it appearing that he was such agent as to some transaction, in support of which he was offered as a witness. What this transaction was is not stated in the motion. Another ground

was, because of newly discovered testimony. In support of this ground movants offered the affidavit of Strickland, that some time in the early fall of 1888 he saw Reid hand Thompson a book on the street in Fairburn, and Reid said to Thompson at the time, "The McCurry note is in the book; take it and give it to Maggie"; and that Maggie was what Reid always called Mrs. Thompson. Also, the affidavit of Favors, substantially to the same effect. Favors had testified for defendant on the trial, but not to the facts stated in his affidavit. Also, the affidavits of Thompson and wife, defendant's attorneys, and others, that Favors and Strickland were of good character for truth and worthy of belief; and as to previous ignorance of the knowledge of Strickland and Favors of the facts stated in their affidavits, and as to diligence in discovering evidence before trial.

Roan & Golightly, for plaintiff in error.
Thomas W. Latham, contra.

---

Joseph v. The Continental Jersey Works.

Although upon the hearing of a *certiorari* from the verdict of a jury in a justice's court, the judge of the superior court may have been satisfied the verdict was contrary to evidence and should be set aside, and although a precisely similar verdict in the same case on a former *certiorari* had been set aside on this ground, yet as there were issues of fact involved, the court erred in rendering a final judgment for more than was found by the verdict. In remanding the case, the judge should point out the deficiency in the evidence, and instruct that, unless that be supplied on the next trial, the verdict should be thus and so.        *Judgment reversed.*
July 24, 1893.

Complaint on account. Before Judge Gamble. Baldwin superior court. July term, 1892.

D. & B. Wolf, traders under the name of the Continental Jersey Works, sued Joseph for $41.16 balance on