## BURKE et al. v. SCHWARZWEISS.

An employee of the plaintiff, who attested as a notary public the signatures of the makers and indorser of promissory notes, is not an incompetent witness, under the Civil Code (1910), § 5858, par. 5, to testify in behalf of the plaintiff in a suit on these notes against the makers and the executrix of the deceased indorser, that the signatures of the indorser on these notes are her genuine signatures, upon an issue raised by a plea of non est factum, filed by the executrix of the indorser, denying the genuineness of such signatures; the witness at the time of his attestation of such signatures being in the employment of the plaintiff as a book-keeper, and attesting as a notary public the signatures of the makers and indorser of these notes at the instance of the plaintiff, the plaintiff preparing the notes and acting for himself in procuring the execution and indorsement thereof.

No. 3592. JULY 21, 1923.

Equitable petition. Before Judge Hammond. Burke superior court. December 29, 1922.

*H. J. Fullbright, Frank S. Burney,* and *Hitch, Denmark & Lovett,* for plaintiffs in error.

*E. V. Heath,* contra.

HINES, J. Schwarzweiss brought his equitable action against Rich Burke and Rhoebertha Burke as makers, and Jeannette Norton as executrix of Easter Norton, the last named as indorser, upon two promissory notes payable to himself, and against Jeannette Norton individually, Lila Norton Bryan, and W. H. Bryan; in which proceeding he sought to recover judgment against the makers and indorser, and to have subjected to the payment of his judgment, when obtained, certain tracts of land which he alleged had been fraudulently conveyed by Easter Norton to her daughters, Jeannette Norton and Lila Norton Bryan, and to her son-in-law, W. H. Bryan, to delay, hinder, and defraud him in the collection of said notes. The makers and indorser signed these notes by their marks, and their signatures were witnessed by M. C. Cohen as a notary public. A plea of non est factum was filed by Jeannette

Norton as executrix of Easter Norton, in which she alleged that the indorsements on said notes were not the acts and deeds of her testatrix, and that her testatrix did not indorse said notes and did not authorize any one to indorse them for her.

This case has been tried twice. *Burke* v. *Schwarzweiss,* 153 *Ga.* 751 (113 S. E. 16). On the first trial Cohen, the notary public who witnessed the signatures of the makers and indorser of the notes sued upon, testified in behalf of plaintiff, without objection, as follows: " I did witness these papers, and Easter Norton indorsed them in the presence of Jeannette Norton, Rhoebertha Burke, and Mr. Schwarzweiss. Easter understood that she was going to indorse the note. Mr. Schwarzweiss wrote these names on there, and I witnessed it; and Jeannette Norton was present when Easter Norton made that mark, and so was Rhoebertha Burke, Mr. Schwarzweiss, and Rich Burke. I witnessed it as a notary, as it wouldn't be any good if I didn't. I witnessed it right there at her house." This witness died before the second trial. On that trial the plaintiff offered in evidence his testimony on this subject, delivered on the first trial. To so much of his testimony as sought to establish the indorsement of these notes by the testatrix, her executrix objected on the ground that Cohen was an incompetent witness, he being the agent of the plaintiff at the time of the transaction testified about, and the indorser being dead. It was admitted that at the time of the alleged transaction, and at the time said testimony was delivered by Cohen, he was an employee of the plaintiff, being his bookkeeper, and that he continued in such employment until the time of his death. Plaintiff testified on the last trial that Cohen was his employee, bookkeeper, and kinsman at the time mentioned. On the first trial he testified as follows: " I sent Mose Cohen to get them [the notes] signed, and he came back and said: ' Rich Burke said he wouldn't sign the notes, that he had nothing to do with it and was not interested; and here are the two notes.' " On the last trial plaintiff testified as follows: " I testified that [meaning the testimony quoted just above] on the former trial. That is true. I suppose I did send him first to get the two notes signed before I went myself, if I stated that in there." On the last trial plaintiff further testified as follows: " I went down and got Mose Cohen, a notary public, to go up there and witness the notes. . . I just took Mose Cohen up there

to witness the notes. . . Mose Cohen was not acting as my agent in this matter whatever. Only as a witness. I had him as my bookkeeper, and he would witness papers. He had no further interest in them. He did not prepare the notes. . . The notes are in my own handwriting. . . Cohen had nothing to do with the notes whatever, other than as a notary public."

The court overruled the objection to this evidence. The admission of this evidence is the only error complained of by the defendants, and is the only question presented for our decision. " No agent or attorney at law of the surviving sane party, at the time of the transaction testified about, shall be allowed to testify in favor of a surviving or sane party, under circumstances where the principal, a party to the cause, could not testify." Civil Code (1910), § 5858, par. 5. This provision does not disqualify all employees of the sane or surviving party. It only renders agents and attorneys at law incompetent to testify where their principals, parties to the cause, would be disqualified. This witness would clearly be incompetent to testify to the fact of the indorsement of these notes by the deceased testatrix, if he acted as the agent of the plaintiff in the transaction which resulted in their indorsement. *Thompson* v. *Ray*, 92 *Ga.* 540 (17 S. E. 903). But it is insisted that the witness was not the agent of the plaintiff in the particular transaction involved, which culminated in the making and indorsements of these papers. This court has ruled that the above provision of section 5858 of the Code does not disqualify the agent to testify to transactions and communications between his principal and a deceased person, in which the agent took no part. *McCamy* v. *Cavender*, 92 *Ga.* 254 (18 S. E. 415). To disqualify the agent, the agent must be acting in the transaction for and in behalf of his principal. It can not be said that Cohen represented the plaintiff in securing the indorsements of these notes by the testatrix. He had previously undertaken to secure the execution of these notes; but on the refusal of one of the makers to sign them, he returned the notes to the plaintiff. The plaintiff then undertook to secure their execution by the makers and their indorsement by the testatrix. He took Cohen, who was a notary public, with him to attest the signatures of the makers and the indorser. All that Cohen did was to witness officially these signatures. He took no part in procuring the execution and indorse-

ment of the papers. This was his sole function in this matter. It can not be said that the procurement of a notary public to witness the signatures of the makers and indorser of promissory notes constitutes such notary the agent of the payee in the transaction which resulted in the execution and indorsement of these instruments. In *Potts* v. *Moultrie Banking Co., 22 Ga. App.* 498 (96 S. E. 502), the transaction was wholly between the cashier of the bank and the agent. The plaintiffs in error rely upon *Sherman* v. *Lane,* 139 *Ga.* 781 (78 S. E. 123), to support their contention that this witness was disqualified. In that case it was held that an employee of the surviving party who was present, heard, and thus witnessed a contract of purchase of lumber from his employer by the deceased party, was incompetent to testify in behalf of his employer in a suit brought by the latter against the representative of the purchaser to recover the value of the lumber. In that case no reference was made to the case of *McCamy* v. *Cavender,* supra; and as that case was one by a full bench and an older case, we feel bound to follow the older rather than the later case, especially when we are of the opinion that the ruling in the later case is too broad. So we are of the opinion that this witness was not incompetent to testify to the facts of the transaction which resulted in the execution and indorsement of these notes, merely because he was the employee of the plaintiff, when he did not act as agent for the plaintiff in securing their execution and indorsement, and when his only connection with the transaction was to witness the signatures of the makers and indorser at the instance of his employer.

*Judgment affirmed. All the Justices concur.*