## BURKE et al. v. SCHWARZWEISS.

1. A verdict which is too uncertain to be the basis of a valid decree is
void. The portion of the verdict set out in the first division of the
opinion is void for uncertainty.
2. Under the facts of this case the following charge of the court was
inapt and liable to confuse the jury, and requires a reversal: " Easter
Norton was the alleged indorser on these notes; and if the principal

debt is due on the note and there was a valuable consideration to her, she would be due, and you would put down what the estate was due."

No. 2981. JULY 11, 1922.

Equitable petition. Before Judge Hammond. Burke superior court. November 21, 1921.

S. Schwarzweiss brought a petition against Rich Burke, Rhoebertha Burke, otherwise known as Rosina Burke, Janette Norton as executrix of the last will and testament of Easter Norton, Janette Norton individually, Lila Norton Bryan, and W. H. Bryan; praying for judgment against Rhoebertha Burke as maker, and the estate of Easter Norton as indorser, upon two promissory notes; also praying that certain transfers of property from Easter Norton to Janette Norton and Lila Norton Bryan, and certain other transfers be declared null and void on the ground that they were made for the purpose of hindering, delaying, and defrauding their creditors. On the trial of the case the jury returned the following special verdict: " 1. What amount is due plaintiff by Rhoebertha Burke? A. Amt. of note with interest, less credits. 2. What amount is due plaintiff by estate of Easter Norton? A. Amt. of notes with interest, less credits. 3. Is Janette Norton, as executrix or individually, liable for the value of the cotton sold just before her mother's death? And if so, whether in both capacities? A. Yes. 4. Is the Waynesboro house and lot subject to the plaintiff's claim? A. Yes. 5. Is the one-half interest in the Screven County property subject to plaintiff's claim? A. Yes." A decree was entered upon the verdict as rendered. A motion for new trial was made by the defendants, which was overruled and they excepted.

*H. J. Fullbright, F. S. Burney,* and *Hitch, Denmark & Lovett,* for plaintiffs in error.

*H. C. Hatcher* and *E. V. Heath,* contra.

HILL, J. (After stating the foregoing facts.)

1. Special questions were submitted to the jury by the court, and they returned a special verdict. Questions one and two submitted to the jury and the answers thereto were as follows: " 1. What amount is due plaintiff by Rhoebertha Burke? A. Amt. of note with interest, less credits. 2. What amount is due plaintiff by estate of Easter Norton? A. Amt. of notes with interest, less credits." Complaint is made in the first special ground of the motion for new trial, that the above portion of the verdict of the

jury is void' for uncertainty. Is the verdict void for that reason? The answer to the first question is that the amount of the "note" due by Rhoebertha Burke, the maker of the notes to the plaintiff, is due with interest, less credits; and the answer to the second question is that the amount due by the estate of Easter Norton, the indorser on the notes, is the amount of "notes" with interest, less credits. There is nothing in the verdict itself to indicate which note, or notes, bears any credits; but by reference to the record it appears that one of the notes has two credits thereon with a date, and this might be held sufficient as to that note alone, taken in connection with the verdict, upon which to base a decree. But when it is considered that one of the answers of the jury refers to the amount of "note" with interest, less credits, and the other the amount of "notes" with interest, less credits, and the further fact that the verdict is against Rhoebertha Burke for the amount of "note," when she was the maker of both notes, and that the estate of Easter Norton, the indorser, was found to be due the amount of the "notes," the meaning of the verdict is uncertain. The verdict upon its face appears to be against the maker only on one note, and the verdict against the indorser upon its face appears to be for the amount due on both notes. The defense filed by the defendants was the same as to both notes, viz., non est factum and payment. Just what the intention of the jury was is not clear either from the verdict itself, or from the verdict construed in connection with the pleadings and evidence. Indeed it is so uncertain that we are constrained to hold that it is void for uncertainty.

2. Error is assigned upon the following charge of the court: "Easter Norton was the alleged indorser on these notes; and if the principal debt is due on the note and there was a valuable consideration to her, she would be due, and you would put down what the estate was due." It appears from the record that Janette Norton, executrix of the will of Easter Norton, filed a plea of non est factum as to Easter Norton; and that was one of the issues in the case. We are of the opinion that the charge complained of was not properly adjusted to the facts of the case, and was calculated to confuse the jury, and excluded the theory of the executrix of the will of Easter Norton to the effect that the jury were not authorized to find against the estate of Easter Norton if

the evidence showed that the notes were not indorsed by her, or by any one lawfully authorized by her to indorse them. It is true that the court ·in his general charge instructed the jury: "The defendants in this case take direct issue and say that there are no such notes; that those notes were never made by the alleged maker nor indorsed by the alleged indorser, that there was no indebtedness existing for the notes, and that they were without foundation. Of course, if you believe that, that ends the case." We do not think that the error in the charge excepted to is cured by that last quoted.

3. The other grounds of the motion for new trial are without substantial merit.

*Judgment reversed. All the Justices concur.*