## WILKES v. WILKES.

A wife sued for divorce based upon desertion and cruel treatment, and prayed for permanent alimony and attorney's fees. Two verdicts finding in favor of the plaintiff were returned at separate terms of the court. The second verdict refused alimony. The verdicts for the plaintiff constituted an adjudication in her favor to the effect that the husband was at fault, and the award of alimony generally followed as a matter of law.

No. 3967. APRIL 15, 1924.

Divorce and alimony. Before Judge Highsmith. Montgomery superior court. August 10, 1923.

W. B. Kent, for plaintiff. W. M. Lewis, for defendant.

GILBERT, J. Neva C. Wilkes sued her husband for a total divorce, and for permanent alimony and attorney's fees. The suit, when filed, based the action upon desertion for a period of three years. The petition was subsequently amended by alleging cruel treatment on the part of the husband as an additional ground. Two verdicts were rendered at separate terms of the court, granting a total divorce. The second verdict, in addition to granting a total divorce to the plaintiff, contained the following: "We find no alimony, and relieve the marital disabilities of the defendant, Jake Wilkes." The plaintiff, being dissatisfied, filed a motion for a new trial on the general grounds, the particular complaint being that, while the jury had in two separate verdicts found in favor of the plaintiff and against her husband, on the last trial the jury had refused to award any alimony. The motion for new trial was overruled, and she excepted.

The evidence was conflicting as to the cruel treatment and the cause of the separation, but there was no dispute as to the fact that the parties had lived separately and apart for three years previously to the filing of the suit. The evidence of the wife tended to prove all of the allegations of her petition. The character of the evidence in regard to the cruel treatment renders it inappropriate for reproduction in this statement to be printed in the records. It will suffice to say that if true (and upon this question we express no opinion), the conduct of the husband would afford ample basis for a verdict in behalf of the wife. The evidence of the defendant, as contained in the record before us, is exceedingly brief, and is as follows: "It is all untrue as set out in plaintiff's petition. She wants a divorce, and I want one. I have no property, and only

work for my father for my victuals and clothes and a little money once and a while. I am not a very strong man, and did not mistreat my wife. She left me, and had no cause for so doing. I never cursed or struck or in any manner mistreated plaintiff. She left and abandoned me without my giving her any cause for doing so." There was other evidence from which the jury was authorized to find that the contention of the wife was true, to the effect that the husband caused her to leave his home and deserted her by reason of an agreement with his father by which the latter was to deed to him certain property.

The case of *Campbell* v. *Campbell*, 90 *Ga.* 687 (16 S. E. 960), involved a principle of law that is controlling in this case. The opinion in the case, written by Mr. Justice Simmons, bears evidence of a thorough consideration of the subject. The headnote is as follows: "Where a total divorce is granted upon the application of the wife, permanent alimony generally follows as a matter of right. Hence, where a wife sued for a total divorce on the ground of cruel treatment, and in her petition prayed for permanent alimony, and the evidence showed that the wife had no separate estate or means of support and that the husband was able to support her, a verdict granting the divorce but denying alimony was contrary to law in so far as it denied alimony." It appeared in that case that the husband owned considerable property, and in this respect the case differs from this case. In this case the wife testified that the husband was a strong young man capable of earning a good support for himself and the plaintiff. The defendant swore to the contrary. Unless the husband was unable to contribute any sum whatever as alimony, the evidence on that question would only affect the amount. It does not appear from the evidence that she has any means of support of her own. We quote from the opinion in the *Campbell* case, as follows: "A wife is entitled to support by her husband until the right is forfeited by her own misconduct; and in some cases alimony has been allowed her even where the divorce was in favor of the husband. In all cases where the divorce is in her favor, permanent alimony, if properly applied for, must be allowed when it is shown that the husband is able to provide for her, unless it should appear that she has sufficient means of her own, or that some settlement or provision has been made for her which will stand in lieu of it. As was said

by Nisbet, J., in *McGee* v. *McGee,* 10 *Ga.* 483: 'After a decree
for divorce which establishes the husband's delinquency, a provision
for the wife is the equitable consequence of his violation of his con-
jugal obligations.  He being in the wrong, it would be a strange
perversion of right to turn her adrift upon the charities of the
world, he retaining her patrimonial inheritance, and if she had
none, then it would be still flagrantly unjust, as well as morally
impolitic, to deny to her that support which, whilst under cover-
ture, religion and the laws accord to a wife at the hands of her
husband.'  The grant of alimony in such cases is not a mere matter
of discretion.  It was not so at common law, and our statutes have
not rendered it so.  .  .  Construing our statutes in the light of
the common law, as well as in accordance with sound principle and
policy, the right of the wife to a provision by the husband in her
favor is the same whether the divorce is from bed and board only,
or a total dissolution of the marriage,—at least if a valid marriage
has subsisted; and the grant of such provision is no more a mere
matter of discretion in the one case than in the other.  Certainly
where the misconduct of the husband is so grave as to require
a total divorce, his liability is no less than where his acts are
merely such as to authorize a separation from bed and board.  In
Bishop's New Commentaries on Marriage, Divorce and Separation,
vol. II, §§ 830, 831 (ed. 1891), it is said: ' The husband cannot
abandon his obligations to his wife; therefore, where in any case the
law authorizes her to live apart from him by reason of his ill con-
duct, it consequently requires him to maintain her while so living.
Hence, a decree for separation in favor of the wife, where the funds
which in cohabitation should support the husband and her are
vested in him, must, if so she prays, be attended by a decree for
alimony.'  And this rule he treats as applicable to cases of total
as well as of partial divorce, where the statute allows alimony in
the former.  (§§ 1064, 1065.)  The language of the court in an
English case on this subject is so forcible and appropriate that we
quote from it at length.  (Sidney *v.* Sidney, 4 Swab. & T. 178.)
This case was decided since the adoption of the English Divorce
Act (20 & 21 Vict. c. 85), which allows total dissolution for
causes which at common law were grounds merely for divorce
from bed and board.  The court, in holding that alimony should
be the same in such cases as though the divorce was from bed

and board, said: . . 'And among certain classes of the community a very common thing indeed is that of a young husband, who, either not agreeing with his wife or getting tired of her shortly after marriage, endeavors to shake her off. In this endeavor he generally begins by treating her with neglect and contempt, often half-starves her, often beats her, often insults her by open adultery, and ends by deserting her and cohabiting with another woman. That the wife should desire a divorce in such a case can hardly be a matter of surprise, and that she should obtain it is but bare justice. But it is the very thing that the husband wants too. He has succeeded in shaking off the obligations of marriage, and that by his own voluntary breach of them. And if he can part with his wife at the door of the divorce court without any obligation to support her, and with full liberty to form a new connection, his triumph over the sacred permanence of marriage will have been complete. . . No man should, in my judgment, be permitted to rid himself of his wife by ill-treatment, and at the same time escape the obligation of supporting her.' "

Under the principles of law ruled in the *Campbell* case, supra, applied to the facts of this case the verdict refusing alimony to the wife is contrary to law and the court erred in refusing a new trial. The judgment of the court below granting a total divorce is affirmed; but it is reversed so far as it refuses to grant the plaintiff permanent alimony, with direction that on the next trial the issue be confined to the amount of permanent alimony to be awarded the plaintiff.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur.*