## SIMMONS *v.* SIMMONS.

No. 14263.   September 22, 1942.   Rehearing denied October 14, 1942.

*Weir S. Gaillard,* for plaintiff.

BELL, Justice. (After stating the foregoing facts.)

"The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband." Code, § 30-209. "If the jury, on the second or final verdict, shall find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be

therein specified." §. 30-207. While the foregoing statutes on alimony are not quoted here in the order in which they appear in the Code, it is believed that they are quoted in the order in which they were enacted. There is a third section (§ 30-210) on permanent alimony, but it sheds no additional light in this case. None of these statutes declares that alimony must or shall be granted in any case, although it has been held that where the wife has no separate estate or means of support and the husband is able to support her, a verdict granting a divorce but denying alimony is contrary to law as to the latter feature. *Campbell* v. *Campbell*, 90 *Ga.* 687 (16 S. E. 960); *Wilkes* v. *Wilkes*, 157 *Ga.* 841 (122 S. E. 548). It is not the law, however, that in every case in which the wife is granted a total divorce, permanent alimony must also be awarded to her. Various other facts and circumstances may require consideration.

While in the present case the two verdicts in the wife's favor for a total divorce may have determined that she was not at fault, and in such case an allowance to the wife in some amount would generally follow as a matter of right, yet under the evidence the jury were authorized to find that with the amount allowed for support of the minor children, and the wife's probable separate income from continuing to operate a boarding-house as she had been doing for some time, she would be able to maintain herself and the children in the same social standing and to secure the same necessities and comforts to which she and they had been accustomed before the husband's cruelty and neglect began; and that in view of the evidence as to his estate and income, the total sum of $30 per month as allowed for the children was as much as he could be reasonably expected to pay. The petition alleged that the defendant owned valuable property, but the evidence did not demand a finding in the plaintiff's favor on that issue, nor was it certain from the evidence what salary he was earning or is able to earn. While the plaintiff testified that he made as much as $200 to $300 per month as a salesman "until he got to where he just stayed drunk," and that if he is not able to hold a good position, it is his own fault "on account of his drinking," the jury were the arbiters of the facts touching the issues as to employment and earning capacity, there being in evidence sufficient data for the exercise of their "own knowledge and ideas," as on questions of value and similar mat-

ters. Code, §§ 38-1708, 38-1709; *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225, 227 (31 S. E. 426); *Jennings* v. *Stripling,* 127 *Ga.* 778 (3) (56 S. E. 1026).

The verdict will not only require the defendant to pay $30 per month for support of the children, but, in having granted a total divorce, presumably it will also relieve the plaintiff from the interference which she testified had so badly handicapped her in operating the boarding-house. Thus she will have substantial aid in supporting the children, where she had little or none before; and in addition to this, the business which she alleged at one time sustained both herself and the children may be in some degree restored. It can not be said that the verdict was contrary to the evidence or without evidence to support it, either because a larger amount was not awarded for the children, or because no amount whatever was allowed to the wife for her separate use. *Coley* v. *Coley,* 128 *Ga.* 654 (2) (58 S. E. 205); *Ginsberg* v. *Ginsberg,* 154 *Ga.* 831 (3) (115 S. E. 646.); *Brock* v. *Brock,* 183 *Ga.* 860 (190 S. E. 30); *Poole* v. *Wright,* 188 *Ga.* 255 (3) (3 S. E. 2d, 731); 27 C. J. S. 949-960, § 233; 17 Am. Jur. 467-480, §§ 597, 602, 612, 623.

The case differs on its facts from *Campbell* v. *Campbell,* and *Wilkes* v. *Wilkes,* supra, with respect to the relative means and financial condition of the parties, and also as to the existence of children, the wife being the sole dependent in each of the cases cited, whereas in the present case there were children whose custody was sought by the wife, and for whose support a substantial monthly sum was awarded.

■ The court did not err in failing to submit the plaintiff's contention that she was entitled to recover an equitable interest in a certain house and lot, "at least to the extent of $300;" the evidence and the only evidence on this issue being the plaintiff's own testimony to the effect that her money in this amount had been invested in stock, tools, and farm equipment, on which she and her husband started farming as young people, and with which by the further means of their joint labor and efforts they had accumulated several thousand dollars "from which" the house and lot were purchased. This evidence did not show definitely what part, if any, of the original sum went directly or indirectly into the purchase of the property in question; and for this reason, if not for

others, it was insufficient to establish the equitable interest claimed. *Mock* v. *Neffler,* 148 *Ga.* 25 (2, 3) (95 S. E. 673); *Lane* v. *Lane,* 149 *Ga.* 581 (101 S. E. 582); *Stokes* v. *Clark,* 131 *Ga.* 583 (62 S. E. 1028).

■ It is declared in the constitution that "When a divorce is granted, the jury rendering the final verdict shall determine the rights and disabilities of the parties." Code, § 2-4202. It has been held that under this provision "the jury rendering the final verdict in a divorce case are invested with power to determine the rights and disabilities of the parties; and where their verdict declares that both parties shall have the right to marry again, the presiding judge has no power of revision so as to deny the right to either party." *Montfort* v. *Montfort,* 88 *Ga.* 641 (15 S. E. 688). Accordingly, there is no merit in the contention that under the evidence the court erred "in permitting verdict and decree removing defendant's disabilities." The phrase "subject to the revision of the court" in the Code, § 30-122, was apparently based on the constitution of 1868, and does not accord with the present constitution. See Code of 1873, § 1727.

■ The court charged the jury as follows: "If you find in favor of the husband, that he is not at fault, but that his wife is at fault, you may allow her alimony or you may refuse it, or you may award her a lesser sum than you would have awarded if she had not been at fault, according to the circumstances." In her motion for new trial the plaintiff complained of this charge, on the ground that there was no evidence that she was at fault, or that the defendant was not at fault, but that the evidence showed exactly the reverse as to each of them; and that the charge was thus not adjusted to the evidence, and was calculated to confuse and mislead the jury, and probably did induce the verdict against her on the question of alimony. There is no insistence that the charge did not state a correct principle of law, but the sole contention is that it was inapplicable.

In view of the province of the jury as to credibility of witnesses and issues of fact, we can not say that the charge was unwarranted by the evidence, as insisted. The court did not err in refusing a new trial upon any ground urged.

*Judgment affirmed. All the Justices concur.*