## LANIER *v.* LANIER.

No. 14295. OCTOBER 15, 1942. REHEARING DENIED NOVEMBER 13, 1942.

800

*Alexander & Vann* and *Hoyt H. Whelchel,* for plaintiff.

*P. Q. Bryan* and *Clifford E. Hay,* for defendant.

GRICE, Justice. After this case was argued, this court decided the case of *Simmons* v. *Simmons,* 194 *Ga.* 649 (22 S. E. 2d, 391), which makes unnecessary any discussion of the governing principle to be here applied, that although there have been two verdicts finding for the wife a total divorce on the ground of cruel treatment, that fact alone does not as a matter of law require the jury to make an award of permanent alimony to the wife, but that various other facts and circumstances might properly be taken into consideration, which could justify the jury in withholding such an award, notwithstanding two such verdicts in the wife's favor. In the case cited, the facts of which are fully reported, this court ruled that the judge did not err in refusing to grant the wife a new trial, the ruling being based on the conclusion that the evidence was sufficient to authorize the jury's verdict denying permanent alimony.

The instant suit presents another instance where the wife, having been granted a divorce on the ground of cruel treatment, was refused permanent alimony. By consent of the parties, instead of having the judge to fix the amount of temporary alimony and attorney's fees, the jury were permitted to do this in their final

verdict. They awarded the wife one hundred and fifty dollars temporary alimony, and a like amount as attorney's fees. Her petition states that the husband had the custody of the two children at the time the suit was filed; and it appears in the record that at some interlocutory hearing the custody of the children was awarded to the father. Since, in dealing with the evidence after verdict, the question is only whether there is any to support the verdict, the brief of evidence has been examined with that in view. While there was evidence from which the jury could have found that the wife's present possessions were too limited to help her much in making a livelihood, and her prospects of inheritance were uncertain, and that her husband's health was not impaired, and that he owned valuable properties and was amply able to make provision for her support, there was on the other hand evidence to the contrary, so as to present a case for application of the ruling in *Simmons* v. *Simmons,* supra. The jury, under the record before us, were empowered to deny permanent alimony to the wife. The special grounds relied on are dealt with in the first headnote, and afford no reason for reversal. It was not erroneous to refuse a new trial.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*