## TAYLOR *v.* TAYLOR.

No. 14473. APRIL 14, 1943.

*Durwood T. Pye,* for plaintiff in error.

*John H. Hudson,* contra.

DUCKWORTH, Justice. ■ The plaintiff in error contends that the verdict is void for uncertainty, in that it does not disclose whether it is for the plaintiff or for the defendant. "A verdict which is too uncertain to be the basis of a valid decree is void." *Burke* v. *Schwarzweiss,* 153 *Ga.* 751 (113 S. E. 16). However, "Verdicts shall have a reasonable intendment, and shall receive a

reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. "The form of a verdict in case of a total divorce may be as follows, to wit: 'We, the jury, find that sufficient proofs have been submitted to our consideration to authorize a total divorce—that is to say, a divorce a vinculo matrimonii, upon legal principles, between the parties in this case.'" Code, § 30-116. The verdict in the instant case follows the form prescribed in the cited Code section. It can not be doubted that this would have been a proper verdict for the plaintiff if the defendant had not in her answer asked for a divorce in her favor. The Code, § 30-106, provides: "When a petition for divorce shall be filed, the respondent may, in his or her plea and answer, recriminate and ask a divorce in his or her favor; and if on the trial the jury shall believe that such party instead of the petitioner is entitled to divorce, they may so find upon legal proof, so as to avoid the necessity of a cross-action." Under this section, the jury might have found a verdict in the defendant's favor, if the evidence was sufficient to authorize the same. Where, as in this case, both parties introduce evidence to sustain their respective pleadings asking for a divorce, a verdict in the form prescribed by § 30-116 could not be construed to be a verdict for the defendant. The jury would be required to indicate in their verdict that they found for the defendant and not the plaintiff. This is indicated by § 30-106, quoted above, wherein it is stated that "if on the trial the jury shall believe that such party [the respondent] instead of the petitioner is entitled to divorce, they may so find." In the absence of anything in the verdict to indicate that it is for the defendant, we think that a verdict in the form prescribed by the Code should be construed to be a verdict for the plaintiff. The use of this form as a verdict for the plaintiff has been almost universal for many years, and to now hold it void for uncertainty would doubtless cause great confusion by upsetting an established procedure in such cases.

It appears from the special grounds of the defendant's motion for a new trial that the jury orally announced a verdict for the plaintiff, but it is not necessary to here determine whether it would be proper to consider the oral announcement of the jury in construing their written verdict. The verdict as returned was for the plaintiff, and the defendant by filing a motion for a new trial thereto showed that she was not misled thereby.

■ In ground 4 of the motion for new trial complaint is made that the court erred in refusing to allow the movant to introduce in evidence a paper containing the following writing: "Lucy came after us so you come on over there. I called her up to tell her that you had not come, and she said she would come after me. Prentice." In one corner of the paper, in a different handwriting, was the following: "11-18-36. Harry came not Lucy." The plaintiff questioned one of the witnesses with reference to this paper, but did not identify the handwriting and did not attempt to introduce it in evidence. The defendant, on direct examination, testified that she wrote the note about two years before the separation, and that the writing in the corner was in the handwriting of her husband. The defendant's counsel sought to introduce the paper in evidence as showing that the plaintiff had for a long time been looking for an excuse to quit his wife. It is urged that the note, considered in connection with other evidence to the effect that the plaintiff kept books showing the amount which he spent in supporting his family, was relevant evidence on the issue of desertion. There is no merit in this ground. The paper does not appear to have had any connection with the actual separation of the parties, and was not of such character as to throw any light on the issue of desertion alleged to have occurred almost two years after the date of the writing.

■ In stating the contentions of the parties in his charge, the judge said: "The plaintiff, at the bottom, sues for divorce upon allegations made against the defendant of desertion, contending that for a term of more than three years he and the defendant have lived apart, and that she willfully deserted him." This extract from the charge is not subject to the objection that it tended to lead the jury to believe that "living apart" and "desertion" are synonymous, as contended in the fifth ground. Since this statement of the plaintiff's contentions was not subject to this criticism, it did not render erroneous a later charge to the effect that the jury would be authorized to return a verdict for the plaintiff if they found that his contentions had been sustained by the evidence, as contended in ground 8.

■ The following excerpt from the charge, complained of in ground 6, is not subject to the objection that it was calculated to lead the jury to believe that "separation" and "desertion" are

synonymous: "There are some things here not in dispute, and we might as well get those out of the way first. It seems to be agreed that these parties were married, that they separated, that there is a child of the marriage now aged fourteen. Each party contends that the desertion was on the part of the other party."

■ In ground 7 error is assigned on the following sentence from the charge last quoted: "Each party contends that the desertion was on the part of the other party." The movant contends that this charge amounted to an expression of opinion by the court that the evidence showed that either the plaintiff or the defendant deserted the other, whereas the evidence would have authorized a finding of voluntary separation agreeable to both. The court was here merely stating the respective contentions of the parties, and was not attempting to give the law applicable to the evidence. Further on in the charge the court defined desertion, and clearly stated to the jury that they might return a verdict finding against a divorce in favor of either of the parties. There is no merit in this ground.

■ In the original charge the court instructed the jury on the question of alimony as though there had already been a first verdict in the case. When it was called to the court's attention that there was no first verdict, he recalled the jury and recharged them on the subject of alimony. Ground 9 assigns error on the following portion of the recharge: "Gentlemen, the court was under misapprehension as to the status of this case, and a part of the instructions that have been given you on the subject of alimony will be withdrawn. This appears now, as it did not heretofore appear to the court, that this is the trial of the first and not the second verdict." It is contended that this statement was prejudicial to the defendant because it inferred that a jury had theretofore rendered a first verdict of divorce in the case; and that the use of the expression "second verdict" was erroneous, in that there is no such thing as the trial of a "second verdict." The ground contains the following statement: "In this connection movant shows that it appears from the record in the case that on the 24th day of June, 1942, a first trial of said case was had, and said trial resulted in a verdict of divorce in favor of plaintiff. On the 1st day of July, 1942, the record shows that said verdict was set aside and a new trial granted upon motion for a new trial by movant."

The judge approved the recitals of fact contained in ground 9, with the exception of the portion quoted above, which was not approved, "the court claiming same immaterial and not a proper part of said ground." This ground of the motion was substantially approved, and therefore the question presented should be decided. *Cutis* v. *Geiger,* 176 *Ga.* 864 (2) (169 S. E. 127). There is no merit in the contention that the charge excepted to was prejudicial to the defendant; for even though the jury might have inferred that a first verdict for divorce had been rendered, there was nothing in the statement to show that the verdict had been for the plaintiff and not the defendant. The use of the expression "trial of the . . second verdict" was not erroneous.

■ Grounds 10, 11, and 14 complain because the court did not charge the jury more fully on the subject of desertion. The court correctly charged the jury with reference to desertion; and if the defendant desired more specific instructions on this subject, timely written requests therefor should have been made. *West* v. *Locklear,* 140 *Ga.* 690 (3) (79 S. E. 855); *Roach* v. *State,* 157 *Ga.* 112 (120 S. E. 771); *Betts* v. *State,* 157 *Ga.* 844 (122 S. E. 551).

■ Ground 13 complains because the court failed, on written request, to give in charge the following: "If you believe defendant and plaintiff separated and that the separation was agreeable to plaintiff, Mr. Taylor, I charge you that Mr. Taylor could not obtain a divorce in this case." In this case both parties sought a divorce on the ground of desertion. There was evidence which would have authorized the jury to find that the defendant consented to the separation. Yet the requested charge is so stated as to emphasize the question of consent only as related to the plaintiff. In this situation the request was argumentative, and the court did not err in failing to give it in charge. *Georgia Railway & Electric Co.* v. *Gatlin,* 142 *Ga.* 293 (5) (82 S. E. 888); *Caraker* v. *Brown,* 152 *Ga.* 677 (3) (111 S. E. 51); *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (3) (6 S. E. 2d, 687).

■ After the jury had deliberated for some time they returned into court, and the judge asked the foreman if the jury had agreed upon a verdict. The foreman replied that they had agreed, and that the verdict was oral. The judge asked the foreman to announce the verdict, and the foreman said: "We find in favor of the plaintiff, and as to alimony—" Interrupting the foreman,

the judge said: "Just a minute, what is your verdict, Mr. Foreman?" The foreman replied: "We find in favor of the plaintiff." The judge asked if that was the verdict, and the foreman replied in the affirmative. Counsel for the defendant then stated that he wished to poll the jury, and the court stated that he might do so as soon as the verdict had been written, signed, and published. After the verdict had been signed and published, counsel for the defendant proceeded to question the foreman of the jury about what he had intended to say as to alimony, when the court interrupted him. Counsel for the plaintiff objected to this question, and the court sustained the objection, ruling that only the questions prescribed by law could be propounded to the jury. When counsel for the defendant declined to propound such, the court polled the jury, receiving affirmative replies. The court did not err, as contended in ground 15, in refusing to allow the counsel for defendant to question the jury with reference to what the foreman had meant when he first said, "and as to alimony. . ." A party may poll the jury in the manner authorized by law, but he is not authorized to propound other questions to the jury. Whatever the foreman may have meant by his reference to alimony, he quickly retracted the same. And the court went to great length to make sure that the verdict as announced was the one intended by the jury. The foreman's reference to alimony was relied on in ground 16 as evidence that the court's original charge on alimony, which was admittedly erroneous, had been confusing to the jury although it was later withdrawn and a proper charge given. The recharge was clear, and left no room for confusion in the minds of the jury.

█ In the alimony suit which was consolidated with the divorce action, the wife alleged that she and her husband were "living in a bona fide state of separation." In his answer the husband admitted this allegation, but further alleged that the separation was due to the fact that his wife had deserted him. It is strongly urged that these pleadings are inconsistent with the idea that the wife deserted the husband, and that a verdict in favor of the husband was not authorized in the face of these solemn admissions in judicio. This argument is without foundation. The allegation that the parties were living in a bona fide state of separation did not have reference to the cause of the separation, but was merely

an allegation that the parties were actually living in a state of separation.

■ In arguing the general grounds of the motion for a new trial counsel for the plaintiff in error contends that there is a fatal variance between the allegations of the petition and the evidence, it being urged that the petition alleged that the husband was abandoned on the day his wife removed all the furniture from their home, whereas the proof showed that the desertion, if there was such, occurred at a later date. The petition alleged that the defendant deserted the plaintiff on July 29, 1938, and it is not clear from the petition whether that was the date on which the defendant removed the furniture; but even if the allegations and the proof varied as to the exact time and manner of the desertion, no cause for a new trial is shown. Under the evidence the parties separated in the latter part of July or early in August, 1938, and the desertion, if any, occurred then or within a month thereafter. If the wife deserted the husband, it can not under the evidence be contended that such desertion did not begin more than three years before the suit was filed. In this situation the plaintiff might have amended his petition to conform to his evidence, had the evidence been objected to on the ground that it was not relevant to the pleadings. *Cash* v. *Cash,* 177 *Ga.* 47. (169 S. E. 311). Such an amendment would not have been objectionable on the ground that it added a new and distinct cause of action. *Hayden* v. *Burney,* 89 *Ga.* 715 (15 S. E. 623); *Woodley* v. *Coker,* 119 *Ga.* 226 (5) (46 S. E. 89); *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854). "If a party permits evidence to go to the jury without objection, and the jury find on the evidence, the party is not entitled to a new trial on the ground that the allegation and the proof do not correspond. Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time." *Haiman* v. *Moses,* 39 *Ga.* 708 (3), 712. See also *Field* v. *Martin,* 49 *Ga.* 268 (3); *Howard* v. *Barrett,* 52 *Ga.* 15 (2); *Kelly* v. *Strouse,* 116 *Ga.* 872 (6) (43 S. E. 280); *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579); *National Life & Accident Insurance Co.* v.

*Lain,* 51 *Ga. App.* 58 (3) (179 S. E. 751). It follows that this contention of the plaintiff in error is without merit.

■ It is also contended that the evidence did not authorize a finding that the plaintiff had been deserted by his wife. While the evidence shows that desertion did not occur on the occasion when the wife removed the furniture from their home, because the plaintiff followed his wife and lived with her in the home of a sister of his wife for about a week thereafter, it does appear that the new arrangement did not meet with the full approval of the plaintiff. He testified that when his weekly compensation or insurance payments had ceased, and it became apparent that they could not continue to maintain their home in Atlanta, he sought to get his wife to go with him to live in one of the vacant houses on his father's farm near Adairsville, where they could have the necessities of life without cost, but that his wife refused to leave her job and go with him. Nor did the evidence authorize a finding that the wife abandoned the plaintiff on the occasion when he left the home of her sister. While it appeared that the plaintiff and his wife quarreled that night, it did not appear that either party considered the quarrel to be of such a serious character that they could not live together thereafter. The jury may have found, however, that the plaintiff felt that what had happened that night made it necessary for him to seek to establish a home for his family elsewhere. He testified that his sister-in-law told him he would have to leave because his wife had told her she would no longer pay his board. The sister-in-law denied this, but admitted that she reproved him for his conduct and stated that she would not stand for any disturbance from him in her home. The evidence as to the plaintiff's conduct thereafter was such as to authorize the jury to find that he did bona fide seek to get his wife to come and live with him in a home for which he had made arrangements. The evidence as to his actions in the month following the separation was such as to overcome the idea that he consented to the separation. His trip with his wife's brother to the office where his wife worked on the morning after the separation, his telephone calls to his wife, and his conduct on the occasion when his wife visited in Adairsville were sufficient to show his desire to effect a reconciliation. We also think that the wife's responses to the approaches of the husband were sufficient to authorize a finding that

she abandoned her husband. "In this State the husband is the head of the family, and as such has the right to fix the matrimonial residence without the consent of the wife; and the wife is bound to follow her husband, when he changes his residence, provided the change is made by him in good faith, and not from whim or caprice, or as mere punishment of the wife, or to a place where he does not intend to reside, or to a place where her health or comfort will be endangered." *Pace* v. *Pace*, 154 *Ga.* 712 (2) (115 S. E. 65). See also *Davis* v. *Davis*, 145 *Ga.* 56 (88 S. E. 566) ; *Perkerson* v. *Perkerson*, 157 *Ga.* 589 (122 S. E. 53). The evidence authorized a finding that the husband told his wife that he had provided a home for her and their daughter on his father's farm, which was the only home that he was able to provide at the time, but that she refused to consider or even discuss the matter with him in detail, making it clear that she would not move to the country with him. The fact that she would have to give up her job in the city and move to the farm in the country was not sufficient to justify her refusal. *Pace* v. *Pace*, supra. There was nothing in the later conduct of the parties to change the status of the case. The plaintiff made no further effort to renew cohabitation, but there was no evidence of any later action on the part of the wife which would indicate that she had relented and desired to resume marital relations with her husband. While the husband made no contribution to the support of his family after the separation, except such as was provided for in a consent decree entered in an alimony suit by the wife, this alimony suit was instituted only about a month after the husband obtained employment and became able to make contributions. This case is distinguished from *Williams* v. *Williams*, 145 *Ga.* 799 (89 S. E. 836), where no bona fide offer to resume the relationship of husband and wife was made by the husband. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*