## HYDE *v.* HYDE.

636

*Sidney Haskins,* and *Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey,* for plaintiff.

CANDLER, Justice.   (After stating the foregoing facts.)   When the decree in this case was rendered on March 9, 1945, the law of this State provided that total divorces could be granted only on the concurrent verdicts of two juries at different terms of the court, finding in favor of the same. Code, § 30-101.   So far as we have been able to find, this court has never said what "concurrent verdicts" mean.   In the instant case, we have one verdict of the petition finding in favor of a total divorce, and another on the answer and cross-libel also finding in favor of a total divorce. The first verdict was obtained· solely on testimony offered in support of the allegations of the petition, and the second verdict solely

on testimony in support of the answer and cross-libel. Are the two verdicts concurrent so as to authorize the decree for total divorce as was rendered in the case? The Code, § 30-116, provides that the form of a verdict in a case for total divorce may be: "We, the jury, find that sufficient proofs have been submitted to our consideration to authorize a total divorce—that is to say, a divorce a vinculo matrimonii, upon legal principles, between the parties in this case." In *Taylor* v. *Taylor*, 195 *Ga.* 711 (25 S. E. 2d, 506), which was a divorce action, this court held that a verdict in such form is one for the plaintiff, notwithstanding the fact that the defendant had filed an answer, which contained a prayer for divorce, and both parties had introduced evidence in support of their respective pleadings. We unhesitatingly hold that the first verdict in the instant case was one for the plaintiff. "When a petition for divorce shall be filed, the respondent may, in his or her answer, recriminate and ask a divorce in his or her favor; and if on the trial the jury shall believe that such party instead of the petitioner is entitled to a divorce, they may so find upon legal proof, so as to avoid the necessity of a cross-action." For the same reason as given in the *Taylor* case, supra, we hold that the second verdict was one for the defendant. In the early case of *Johns* v. *Johns*, 29 *Ga.* 718, this court said: "The law contemplates the innocence of the party seeking the divorce. How can the courts decide which is the innocent and which the injured party, when both, under the statute are in pari delicto? Can either have the contract vacated at the expense of the other, when it has been equally infracted by both?" The two verdicts here place the parties in pari delicto. To say that the decree is supported by two concurrent verdicts, we must hold that a verdict for the plaintiff, finding that he is entitled to a total divorce because of cruel treatment inflicted upon him by the defendant, is concurrent with one in favor of the defendant, finding that she is entitled to a total divorce because of cruel treatment inflicted upon her by the plaintiff. This we can not do, as the verdicts are utterly inconsistent. The effect of the first verdict is to find that the contract should be dissolved because of the marital misconduct of the defendant, and the second because of such misconduct of the plaintiff. Such verdicts are not in agreement as they relate to the issues involved in the case. For verdicts to be concurrent, they must be in agree-

ment with each other, and the two verdicts here are in total disagreement. Accordingly, a decree for total divorce based upon such non-concurrent verdicts is void and upon proper motion should be set aside, and a refusal to do so is erroneous.

*Judgment reversed. All the Justices concur.*