### Singleton *v.* Singleton.

Jenkins, Chief Justice. 1. Although the wife in this case was granted a total divorce on the ground of cruel treatment, there was also evidence of her own conduct such as to support the verdict on the husband's cross-bill, specifically granting him a divorce on the same grounds.

2. "Where each party asked for a divorce and both were granted divorce, and the evidence was such as to justify the husband's divorce, it was for the jury to determine whether or not the wife was entitled to alimony. She was not entitled to it as a matter of course." *Alford* v. *Alford,* 189 *Ga.* 630 (3) (7 S. E. 2d, 278); *Davis* v. *Davis,* 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20); *Simmons* v. *Simmons,* 194 *Ga.* 649, 654 (22 S. E. 2d, 399); *Lanier* v. *Lanier,* 194 *Ga.* 799, 801 (22 S. E. 2d, 651).

(a) In such a case, where some permanent alimony is allowed under correct instructions as to the basis for determining the amount, since the jury is the final arbiter as to facts touching on issues relative to the earning capacity and financial ability of the husband to pay, an award of $200 will not be set aside as contrary to law and without evidence to support it. *Brock* v. *Brock,* 183 *Ga.* 860, 863 (190 S. E. 30); *Wilson* v. *Wilson,* 174 *Ga.* 238, 243 (162 S. E. 540); *Simmons* v. *Simmons,* 194 *Ga.* 649, 654.

3. The various exceptions which complain that a specified charge of the court was confusing and misleading with respect to when it becomes the duty of the jury to award permanent alimony are without merit, especially since the jury did in fact make an award for permanent alimony (*Brock* v. *Brock,* 183 *Ga.* 860, 863); and also since, under their

specific finding in favor of the husband for divorce on his cross-bill, they were not obligated to make any such award at all.

4. Error is assigned on the refusal of the court to give the following written request to charge: "If you find any debt by or claimed to be owing is barred by the statute of limitations, such debt could not be considered as a liability against Mr. Singleton as against plaintiff in this case." It is obviously impossible to determine the merit of this exception without laboriously searching through the voluminous testimony in this case in order to find evidence of the various debts, and to find additional evidence which might bar such debts under the statute of limitations. This exception represents an extreme example for the proper application of the rule which requires that every assignment of error be complete within itself, and therefore it will not be inquired into.

5. Exception is taken to the failure of the judge to distinguish sufficiently between temporary and permanent alimony, and counsel for the plaintiff in error cite the ruling by this court in *Alford* v. *Alford*, 189 *Ga.* 630, 634 (9) (supra). Whatever difficulty might have arisen from the original charge with respect to the exception taken appears to have been completely cured by the action of the jury in returning to the courtroom and asking for additional instructions with reference to whether alimony had been paid up to the time of the hearing. In response to this question by the jury, the court charged them as follows: "You have had some showing here, gentlemen, to the effect of what was done. It has already been put in evidence without objection as to what allowances were made for the wife on the hearing for temporary alimony, and I believe that actual figures on that are available to you. The only thing that I can advise you of now is that any judgment for temporary alimony would be a legal, binding, collectible obligation on the part of the defendant. Whether the defendant has paid all of that or part of it or none of it, need not be a matter for you to concern yourselves with now. Your province, as you were charged, is to make an allowance, if you see fit to make any allowance, as permanent alimony, and the question of temporary alimony and its payment is not before you." In view of this additional instruction, the jury could not possibly have been laboring under a misapprehension as to the type of alimony they were called upon to fix, but were told in terms that they were not concerned with any temporary alimony up to the time of the hearing, but only with permanent alimony to be paid thereafter. Accordingly, this ground of exception is without merit.

(*a*) The exception to the preceding instruction, based upon the ground that the "showing" above referred to by the judge had reference to a rule nisi demanding payment of back temporary alimony, and that the expression, "what has been done," was harmful to the plaintiff in error for the reason that no disposition had then been made on the rule nisi, is without merit, for the reason that the judge correctly charged in connection therewith that "the question of temporary alimony and its payment is not before you."

*Judgment affirmed. All the Justices concur.*

### ON MOTION FOR REHEARING.

The plaintiff in error filed a motion for rehearing in this case, and cited two cases, *Anthony* v. *Anthony*, 103 *Ga.* 250 (29 S. E. 923), and *Hyde*

v. *Hyde*, 200 *Ga.* 635 (38 S. E. 2d, 287). In the *Anthony* case, the wife sued for divorce on the ground of cruel treatment, in that the husband had accused her of adultery and of having communicated to him a venereal disease. The husband filed a cross-libel, in which he prayed for divorce on the ground of adultery. The court held that a verdict in favor of both parties was necessarily contradictory, in that a finding in favor of the husband and against the wife on the husband's charge of adultery was wholly inconsistent with cruel treatment on his part in charging her with those acts. This is manifestly correct, since the wife was either innocent or guilty. As the jury found for the husband, he was not chargeable with cruel treatment in having accused her of such an offense. In the *Hyde* case, this court in effect held that in a suit for divorce on the ground of cruel treatment, where the jury in one of its verdicts found in favor of the plaintiff and in the other found in favor of the defendant, there was not such concurrence of two separate verdicts as would authorize a decree of divorce in favor of either party. The case now before us differs in its facts from each of the cases just mentioned. Here the ground of divorce by the plaintiff wife was that of cruel treatment. The cross-action brought by the husband was also based upon the ground of cruel treatment. Both could be guilty, contrary to what was true in the *Anthony* case. In the *Hyde* case, contrary to this case, there were never two concurrent verdicts in favor of either party, and for that reason a decree of divorce in favor of either was unauthorized. Here there have been two concurrent verdicts in favor of both complainants, and both have been granted a total divorce, which brings the case squarely within the ruling by this court in *Alford* v. *Alford*, 189 *Ga.* 630 (3) (supra).

*Rehearing denied. All the Justices concur.*

No. 15795. APRIL 19, 1947. REHEARING DENIED MAY 16, 1947.

*Clarence W. Walton*, for plaintiff.
*George B. Culpepper Jr.*, for defendant.