# HYNDMAN *v.* HYNDMAN.

No. 17761.   ARGUED FEBRUARY 11, 1952—DECIDED MARCH 11, 1952.

798

*G. Seals Aiken* and *Sam P. Burtz,* for plaintiff.

*Wood & Tallant,* for defendant.

DUCKWORTH, Chief Justice. ■ The excerpt of the charge complained of instructed the jury that, if they granted a divorce to the plaintiff, they were then authorized to grant a divorce to the defendant. The sole charge made by the defendant against the plaintiff was that of voluntary and wilful desertion. A verdict granting the defendant a divorce would be a finding that the plaintiff was guilty of this charge. Such a verdict for the defendant would be irreconcilable with a verdict for the plaintiff, which would be a finding that her allegations of cruel treatment were sustained. The inconsistency in the verdict would render it invalid. *Anthony* v. *Anthony,* 103 *Ga.* 250 (29 S. E. 923) ; *Hyde* v. *Hyde,* 200 *Ga.* 635 (38 S. E. 2d, 287) ; *Rogers* v. *Rogers,* 202 *Ga.* 329 (43 S. E. 2d, 152). We can not overlook the fact that the charge complained of stated that, as a condition

precedent to a verdict giving the defendant a divorce, the jury must first find that he was guilty of cruel treatment to such an extent that his wife was entitled to a divorce because of that cruel treatment. As a matter of law, as ruled in the cases just cited, when this condition precedent has been met, the law would not allow the verdict granting a divorce to the defendant as the charge here assailed authorized. It is perfectly obvious that, if the wife's separation was caused by the defendant's cruelty, which cruelty was enough to entitle her to a divorce on that ground as found by the jury, then that separation could not possibly have been wilful and voluntary, which would be required in order to justify a verdict granting a divorce to the defendant. The harm in such erroneous charge is demonstrated by the fact that the jury returned a verdict precisely as directed by the charge. In *Anthony* v. *Anthony*, 103 *Ga.* 250 (supra), where this court was dealing with a similar inconsistent verdict it was said: "The meaning of the word 'verdict'—'a true saying'—is set at naught and rendered ridiculous, as applied to the two findings with which we are now undertaking to deal. What 'true saying' can be gathered from these two contradictory sayings? The situation brought about by these findings is anomalous, and can not be tolerated." What was there said, if heeded, would have prevented what was here done, and we have quoted as above in the hope that by giving that statement such emphasis the mistake will not be repeated. In this case serious injury to the rights of the plaintiff will result if the inconsistent verdict is allowed to stand. The verdict granting a divorce to the defendant is a finding of fact by the jury that the wife was, without cause, guilty of wilfully deserting the husband for a period of one year or more. Wilful desertion by the wife deprives her of any rights to alimony. *Hudson* v. *Hudson*, 189 *Ga.* 410 (5 S. E. 2d, 912); *Rogers* v. *Rogers*, 202 *Ga.* 329, supra. If that portion of the verdict granting a divorce to the husband is allowed to stand, we would be required to apply the above rule of law and hold that, as a matter of law, she was not entitled to any alimony: On the other hand, where, as in this case, the wife is granted a divorce upon a petition alleging cruel treatment as a ground therefor, such a verdict is a finding of fact that the separation is due to the fault of the husband, and as a general rule the wife is

entitled in such a case to alimony in some amount. *McGee* v. *McGee*, 10 *Ga.* 477; *Campbell* v. *Campbell*, 90 *Ga.* 687 (16 S. E. 960); *Wilkes* v. *Wilkes*, 157 *Ga.* 841 (122 S. E. 548); *Brock* v. *Brock*, 183 *Ga.* 860 (190 S. E. 30); *Gardner* v. *Gardner*, 206 *Ga.* 669 (58 S. E. 2d, 416). There is an exception to this general rule, which is that, when the evidence concerning the wife's condition as well as that of the husband and his ability to earn is uncertain, or makes an issue on these questions, a verdict disallowing alimony will be sustained. *Lanier* v. *Lanier*, 194 *Ga.* 799 (22 S. E. 2d, 651); *Aud* v. *Aud*, 199 *Ga.* 526 (34 S. E. 2d, 655). The undisputed evidence in this case does not bring it within the exception to the general rule. The wife has no estate, is in bad health, unemployed, and has no income. The husband is a dentist practicing his profession, and was shown to have earned considerable money per month. We have not overlooked the decision in *Singleton* v. *Singleton*, 202 *Ga.* 269 (42 S. E. 2d, 737), wherein it was held that a verdict granting a divorce to both parties where each alleged cruel treatment was not necessarily contradictory. It is possible for each, in such a case, to be guilty as alleged; but in the present case, as pointed out above, it would not be possible for both parties here to be guilty as alleged. However, it might be profitable, in connection with the ruling in *Singleton* v. *Singleton*, 202 *Ga.* 269 (supra) to compare Code § 30-109, *Cohen* v. *Cohen*, 196 *Ga.* 562 (27 S. E. 2d, 28) and *Teague* v. *Teague*, 198 *Ga.* 239 (31 S. E. 2d, 409), which are to the effect that, when both parties are guilty of the same misconduct, neither is entitled to a divorce. Is a verdict granting a divorce to each void under the statute?

The charge here complained of was, for the reason above recited, both erroneous and harmful to the plaintiff in error. It was erroneous because of its inconsistency, and also because it incorrectly stated that the defendant sought a divorce in the event a divorce was granted to his wife. His sole prayer, as set forth in the statement of facts preceding this opinion, was that she be denied a divorce, and that, if she was granted a divorce, *"it would be to his best interest and the best interest of society for his disabilities to be also removed."* This does not constitute a prayer for divorce based upon wilful desertion, but it is merely a prayer that his disabilities be removed, not because he was

deserted by his wife, but because his best interest and the best interest of society would be promoted by so removing his disabilities. A removal of his disabilities would not apparently adversely affect the wife, but she would be vitally concerned and injuriously affected by a verdict granting him a divorce, which would constitute an adjudication that she was guilty of wilfully deserting her husband; and it would further constitute an insuperable obstacle to her recovering any alimony against the husband. He did not ask that she be thus injured, and the court committed error in the charge complained of, since it authorized the jury to return a verdict that would thus inflict injury upon the wife.

■ The foregoing ruling requires that the trial court modify the verdict and judgment as prayed in the motion, by striking therefrom that portion which grants a divorce to the defendant and denies alimony to the plaintiff. No attack by the motion or otherwise has been made upon the portion of the verdict and judgment granting a divorce to the wife and, consequently, that portion has become final and conclusive upon both parties. In *Boone* v. *Boone*, 192 *Ga.* 579 (15 S. E. 2d, 868), this court held that a verdict in a suit for divorce and alimony was separable, and that it was lawful to allow the verdict granting the divorce to stand and order another trial on the matter of alimony. See also *Camp* v. *Camp*, 199 *Ga.* 144 (33 S. E. 2d, 445), to the same effect. Accordingly, direction is given that another trial be had upon the question of alimony and whether or not the disabilities of the defendant shall be removed. And it is further directed that the judgment be modified by striking the portion taxing the costs against the plaintiff, and inserting in lieu thereof direction that costs be taxed against the defendant which will conform to Code § 24-3401, which applies to all civil cases, and this is a civil case. The ruling here made makes it unnecessary to rule upon any of the other complaints of the plaintiff in error.

*Judgment reversed with direction. All the Justices concur.*