MASSENGALE *v.* MASSENGALE; *et vice versa.*

Nos. 17866, 17867. Submitted May 13, 1952—Decided June 10, 1952.

*Howard, Tiller & Howard,* for plaintiff in error.
*Poole, Pearce & Hall* and *J. R. Goldthwaite Jr.,* contra.

WYATT, Justice. The verdict of the jury in this case was in the following language: "The within and foregoing case having been presented to the jury, after presentation of evidence, as provided by law, it is the verdict of the jury that a total divorce be granted, that is to say, a divorce a vinculo matrimonii, between the parties to the above-stated cause, upon legal principles. The plaintiff herein shall have the right to remarry and the defendant shall also have the right to remarry. No alimony to plaintiff. Defendant to provide $100 per month for minor child support until she becomes of age (21) or marries. Plaintiff to be awarded all property now in her possession except one Hollywood bed, one Gordon Military ring and one small radio, which articles are to be returned to owner."

This court as recently as *Fried* v. *Fried*, 208 *Ga.* 861 (69 S. E. 2d, 862), held that a verdict such as was rendered in this case, "will be construed to be for the plaintiff." This ruling was based upon former decisions of this court in *Taylor* v. *Taylor*, 195 *Ga.* 711 (25 S. E. 2d, 506); *Wilkes* v. *Wilkes*, 157 *Ga.* 841 (122 S. E. 548); *Carawan* v. *Carawan*, 203 *Ga.* 325 (46 S. E. 2d, 588); *Gardner* v. *Gardner*, 206 *Ga.* 669 (58 S. E. 2d, 416), and cases there cited. The author of this opinion participated in and agreed to some of the above-cited decisions. After a further study of the question, and speaking for myself only, I am of the opinion that these cases are unsound. It is now my opinion that, when a jury returns a verdict such as was returned in the instant case, it is the clear intention of the jury to grant a divorce to both parties. This becomes very material in cases of this kind for the reason, as the above-cited cases will disclose, this court has, under certain circumstances, held that, if the jury grants a divorce to the wife and not to the husband, alimony is mandatory, while if the divorce is granted to both parties, whether alimony shall be allowed is a matter within the discretion of the jury. It is now my opinion that, in cases where both the plaintiff and the defendant pray for a divorce, and the jury in its verdict uses identically the same language with respect to the plaintiff and the defendant, the evident purpose of the jury is to grant both parties a divorce.

We do not, however, consider this case to be controlled by

the above-cited decisions. This court in *Simmons* v. *Simmons,* 194 *Ga.* 649 (22 S. E. 2d, 399), after quoting the Code section with reference to alimony, said: "None of these statutes declares that alimony must or shall be granted in any case, although it has been held that where the wife has no separate estate or means of support, and the husband is able to support her, a verdict granting a divorce but denying alimony is contrary to law as to the latter feature. *Campbell* v. *Campbell,* 90 *Ga.* 687 (16 S. E. 960); *Wilkes* v. *Wilkes,* 157 *Ga.* 841 (122 S. E. 548). It is not the law, however, that in every case in which the wife is granted a total divorce, permanent alimony must also be awarded to her. Various other facts and circumstances may require consideration."

In the instant case, there was ample evidence to sustain a verdict in favor of either or both parties granting a divorce on the ground of cruel treatment. The husband owned no property so far as the record disclosed other than whatever interest he might have had in the household furniture, which was all, with his consent, awarded to the wife. His net income appeared to be approximately $300 per month, one-third of which amount, or $100 per month, was awarded for the support of the minor child. It appeared that the wife worked and earned her own living prior to the marriage, and no reason appeared why she could not do so now. It cannot be said as a matter of law that the jury, under the circumstances of this case, was not authorized to find that the sum of $100 per month, awarded as support for the child, was not as much as the husband could be reasonably expected to pay, and that the wife and child on this amount plus the earnings of the wife could not live in the manner and style in which they had been accustomed to live. See, in this connection, *Lanier* v. *Lanier,* 194 *Ga.* 799 (22 S. E. 2d, 651); *Aud* v. *Aud,* 199 *Ga.* 526 (34 S. E. 2d, 655); *Singleton* v. *Singleton,* 202 *Ga.* 269 (42 S. E. 2d, 737).

It was therefore not error for the trial court to overrule and deny the motion to set aside the verdict and judgment.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Atkinson, P.J., not participating. Duckworth, C.J., and Hawkins, J., concur in the judgment only on the main bill; on the cross-bill both concur.*