### 19141.   WOODS *v.* WOODS.

HAWKINS, Justice.   At the February, 1952, term of Murray Superior Court, the case of Mrs. Vera S. Woods v. Lewis A. Woods, for permanent alimony for the support of herself and minor children, came on for a hearing, and the jury returned a verdict, which, after awarding the children certain monthly sums as alimony until they become of age, provided that the husband should pay to the wife $15 per month "so long as they are man and wife."   The verdict of the jury was "made the judgment of the court," and there was no exception to either.   Subsequently the husband instituted divorce proceedings, and in August, 1954, a total divorce was granted between the parties, with the right of each to remarry, the judgment of the court reciting: "Plaintiff and defendant, formerly husband and wife in the future shall be held and considered as separate and distinct persons unconnected by any nuptial union or civil contract whatsoever."   Thereafter Mr. Woods stopped making the $15 monthly payments to Mrs. Woods, and she brought a rule for contempt, which was heard in August, 1955.   To the order and judgment holding the defendant in contempt of court in failing to pay the $15 per month since the parties were granted a total divorce, the defendant excepted.   *Held:*

1. In *Brock* v. *Brock, 183 Ga.* 860 (190 S. E. 30), this court held: "The verdict . . . awarding to the wife a stated monthly sum as permanent alimony for a period of one year, and providing that the father should pay a monthly sum for the support of the child during her minority, was not contrary to law and without evidence to support it."   See also *Buffington* v. *Cook,* 147 *Ga.* 681 (95 S. E. 214); *Jeffrey* v. *Jeffrey,* 206 *Ga.* 41 (55 S. E. 2d 566).   In *Fischer* v. *Fischer,* 164 *Ga.* 81, 84 (137 S. E. 821), it was stated: "The jury had the right to limit the time during which [alimony] payments should be made."

2. Where, as here, in an alimony-contempt proceeding, the pleadings and evidence introduced on the hearing show that the wife was awarded, by a jury, in an alimony case, $15 per month "so long as they are man and wife," which verdict was made the judgment of the court, and was unexcepted to; that in another proceeding a total divorce was subsequently granted to both parties, with the right of each to remarry, and thereafter the former husband ceased paying to the former wife alimony on advice of his counsel that, under the verdict and decree in the alimony proceeding, no further alimony payments were due to the former wife, it was error for the trial judge to hold the former husband in contempt for failure to pay an amount alleged to be due as alimony since the rendition of the total divorce.

*Judgment reversed.   All the Justices concur.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Mitchell & Mitchell,* for plaintiff in error.
*Hardin & McCamy,* contra.