## ANTHONY *v.* ANTHONY.

Where a woman brought against her husband a libel for divorce on the
ground of cruel treatment, and he filed against her a cross-libel on the
ground of adultery, and upon the trial the jury returned two verdicts,
one finding in the libelant's favor a partial divorce, and the other finding
in the respondent's favor a total divorce : *Held,* that if two such verdicts
could under any circumstances stand together, they ought to be set aside
and a new trial had when it affirmatively appears that under the evidence
submitted pro and con., these verdicts were absolutely inconsistent with
each other and manifestly based on diametrically conflicting opinions as
to the credibility of the same witnesses.

Argued December 3, 4, 1897. — Decided January 10, 1898.

Libel for divorce.    Before Judge Lumpkin.    Fulton superior
court.    May 4, 1897.

*Anderson, Felder & Davis,* for plaintiff in error.
*Goodwin, Westmoreland & Hallman,* contra.

LUMPKIN, P. J.    Mrs. Mary L. Anthony brought against her
husband, Joseph L. Anthony, a libel for divorce on two grounds.
One of them was cruel treatment.    The other, in view of the
record, requires no notice at our hands.    The alleged cruelty
consisted in the respondent's accusing the libelant of having
communicated to him a venereal disease, and ·in threatening
to sue her for a divorce upon that ground.    Anthony filed a
cross-libel, in which he prayed for a divorce on the ground of ·
adultery.    The case coming on for a trial, the jury returned
two separate and distinct verdicts, which were as follows : " We,
the jury, find for the plaintiff and against the defendant a par-
tial divorce ; that is to say, a divorce a mensa et thoro."    " We,
the jury, find for the defendant a total divorce, and against the
plaintiff.    We find that sufficient proofs have been submitted
to our consideration to authorize a total divorce, that is to say
a divorce a vinculo matrimonii upon legal principles, between
the parties in this case."

We are not now called upon to decide whether two such ver-
dicts could, under any circumstances, stand together ; for, upon
a careful examination of all the evidence submitted pro and con.
at the trial, we have reached the conclusion that these two ver-

dicts are, in view of this evidence, absolutely inconsistent with each other. In condensed form, the record presents the case as follows: The evidence introduced in Anthony's behalf tended to show that Mrs. Anthony had committed adultery with one Ostland; had thus contracted a venereal disease, and had communicated the same to Anthony. The evidence in her favor tended to disprove this charge; and she claimed that Anthony's making it to her face, which was not denied, was an act of cruelty entitling her to a divorce. On the other hand, her alleged adultery with Ostland was the ground of Anthony's cross-libel. It thus appears that the evidence was directly conflicting upon the controlling issue as to whether or not Mrs. Anthony had sustained illicit relations with Ostland. It is certain that she was either innocent or guilty in this respect. If innocent, the language used to her by Anthony certainly amounted in law to cruel treatment. If guilty, it could not, in a legal sense, have been cruel to reproach her for her faithless and unlawful conduct. The jury, in rendering the verdict in favor of Mrs. Anthony, must have acted upon the theory that she was innocent of the alleged adultery; but in finding for Anthony upon his cross-libel, they must have acted upon the theory that she was guilty of the adultery. It is therefore apparent that the two findings are inconsistent, and that, taken together, they present an absolutely illogical result of the pleadings and evidence. It is impossible to say with any degree of satisfaction or certainty what the jury believed, or what they disbelieved. The meaning of the word "verdict" — "a true saying" — is set at naught and rendered ridiculous, as applied to the two findings with which we are now undertaking to deal. What "true saying" can be gathered from these two contradictory sayings? The situation brought about by these findings is anomalous, and can not be tolerated. We reverse the judgment and order a new trial, at which it is to be hoped a finding will be rendered which will enable the parties at least to know where and how they stand.

*Judgment reversed.   All the Justices concurring.*