33607. MILLER *v.* RAY.

DECIDED JUNE 29, 1951.

*Gibson & Maddox, L. J. Courson,* for plaintiff.

*McCall & Griffis, Fred Belcher, Ben T. Willoughby,* for defendant.

GARDNER, J. 1. The evidence was conflicting as to the damages, but the jury were authorized to find that the land line

between the lands of the defendant and those of the plaintiff was as claimed by the defendant, with the exception of a small strip, and that the defendant was unjustified in severing the fence between the parties and in permitting the cattle to damage the crops of the plaintiff.

2. Special ground 1 of the amended motion for new trial, in which the plaintiff objected to the introduction in evidence of the return of the processioners, was expressly abandoned by the plaintiff, and need not be considered by this court.

3. In special ground 2 the plaintiff contends that the verdict is contrary to law because "the original suit of the plaintiff was a petition for the recovery of certain land alleged to be hers which she claimed that the defendant was trespassing upon and had caused damage to her by removing a fence on said land and allowing his stock to enter and to destroy her crops. The defendant in his plea and answer denied that the land was the land of the plaintiff and admitted that he had allowed his stock to go upon the land in question and to destroy the crops thereupon, but claimed at all times that this was done on his land. The jury returned the following verdict: 'September 14, 1950. We, the jury find in favor of the defendant regarding the land line. We, the jury find in favor of the plaintiff in the sum of $58.50 crop damage.' . . Thereafter the court entered the following judgment: Georgia, Berrien County: Upon the within verdict, it is the judgment of the court that the land in question is the property of the defendant A. R. Ray; that the plaintiff do recover of the defendant A. R. Ray $58.50, damages" and costs. And further: "Plaintiff therefore contends that this verdict is so inconsistent that it demands a new trial for the reason that the verdict of the jury awarded the land in question to the defendant but at the time awarded damages in her favor and against the defendant and the plaintiff contends that this verdict and judgment is wholly inconsistent and contrary to the evidence in the case, the pleadings, and abstract principles of law."

It is true that a verdict must conform to the pleadings and must not be inconsistent. See Code §§ 110-112, 110-101. The verdict here was in conformity with the prayers of the petition. The plaintiff prayed for damages in the amount of $800. The jury did not see fit to award her $800 but did find in her favor

for $58.50. The plaintiff contends that the jury having found in favor of the defendant that the land line was where the defendant contended that it was, this placed the trespassing cattle on the land of the defendant instead of the plaintiff, and the jury could not very well render a verdict in her favor for $58.50, a finding in her favor for said sum being unauthorized under the evidence. This court does not agree with the plaintiff. The jury could well have determined that the plaintiff had been injured and damaged by the defendant in that sum when the defendant took down his fence tearing the same loose from the fence of the plaintiff, and for the further reason, as we have noted in division 1, according to the record and the evidence, there was a small strip of land which belonged to the plaintiff, and the jury did not intend in their verdict to find, and there was no evidence authorizing them to find, that the small strip of 25 feet belonged to the defendant. We might note in this connection that if the plaintiff is correct in her construction of the finding of the jury under the record in this case, she is in no position to complain for the reason that she received $58.50 to which she was not entitled.

The processioning from which there was no protest or appeal fixed this land line and the jury so found.

This case is not like *Milner* v. *Mutual Benefit Building Assn.*, 104 *Ga.* 101 (30 S. E. 648). In that case there was no prayer for the recovery of any damages, as the plaintiff here prayed, but the action was a statutory suit for the recovery of land. There is nothing in *Anthony* v. *Anthony*, 103 *Ga.* 250 (29 S. E. 923), to the contrary of what we now rule.

It follows that the trial court did not err in overruling the plaintiff's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*