### 22164. HINSON v. HINSON.

CANDLER, Justice. John B. Hinson sued Roberta E. Hinson for divorce on the ground of wilful desertion. She answered his petition and denied its substantial allegations and by cross action charged him with cruel treatment. She prayed for a divorce, for temporary and permanent alimony and for expenses of litigation. They had no minor children. The jury returned the following verdict: "We the jury find in favor of divorce for both parties and award to defendant alimony in the amount of $9,000." The plaintiff moved for a new

trial on the usual general grounds and amended his motion by adding several special grounds. His amended motion was overruled and he excepted to that judgment. *Held:*

1. We will first consider and dispose of the general grounds of the motion for new trial. As pointed out in our statement of the case, the plaintiff based his right to a divorce on the ground of wilful desertion and the defendant based her right to a divorce and alimony on the ground of cruel treatment. On the trial each introduced evidence in support of and tending to prove his or her respective cause. The judge correctly instructed the jury that if they found in favor of the plaintiff on his ground for divorce, they could not find alimony for the wife. See *Hudson v. Hudson,* 189 Ga. 410 (5 SE2d 912). He also correctly instructed the jury that if they found for the defendant on her ground for divorce, they could also find in her favor for an allowance of alimony. The verdict here is a finding by the jury that the husband is entitled to a divorce on his ground of wilful desertion. It is also a finding by the jury that the wife is entitled to a divorce and alimony on her ground of cruel treatment. No other construction can be placed on the verdict. The two findings are wholly inconsistent and diametrically opposite findings and cannot stand for the reason that they are contrary to the evidence and contrary to law. See *Anthony v. Anthony,* 103 Ga. 250 (29 SE 923); *Hyde v. Hyde,* 200 Ga. 635 (38 SE2d 287); *Rogers v. Rogers,* 202 Ga. 329 (43 SE2d 152); *Hyndman v. Hyndman,* 208 Ga. 797 (69 SE2d 859); and *Moon v. Moon,* 216 Ga. 627 (118 SE2d 473). Dealing with a similar verdict in the *Hyndman* case, supra, p. 799, this court said: "It is perfectly obvious that, if the wife's separation was caused by the defendant's cruelty, which cruelty was enough to entitle her to a divorce on that ground as found by the jury, then that separation could not possibly have been wilful and voluntary, which would be required in order to justify a verdict granting a divorce to the defendant."

2. The judge erred in giving the jury the following instruction: "Now . . . after taking into consideration the rules of law as given you in charge and the facts and circumstances of the case, the evidence, including the testimony from the stand, together with any documentary evidence that has been introduced, if you find that both parties are entitled to a divorce, then the form of your verdict will be: 'We, the jury,

find for the plaintiff and the defendant.' That form of your verdict, in so far as the divorce is concerned, would grant a divorce to both the plaintiff, Mr. Hinson, and to the defendant, Mrs. Hinson." There is no specific assignment of error on this portion of the charge and plaintiff in error contends that it fixed and became the law of the case. This position is not meritorious. The general grounds of the motion which allege that the verdict is contrary to the evidence and without evidence to support it; that it is decidedly and strongly against the weight of the evidence; and that it is contrary to law and the principles of justice and equity is a proper attack on the correctness of this portion of the charge. See *Anthony v. Anthony*, 103 Ga. 250, 251, supra, where a verdict like the one we are here dealing with was returned and where this court unanimously said: "It is therefore apparent that the two findings are inconsistent, and that, taken together, they present an absolutely illogical result of the pleadings and evidence. It is impossible to say with any degree of satisfaction or certainty what the jury believed, or what they disbelieved. The meaning of the word 'verdict'—'a true saying' is set at naught and rendered ridiculous, as applied to the two findings with which we are now undertaking to deal. What 'true saying' can be gathered from these two contradictory sayings? The situation brought about by these findings is anomalous, and can not be tolerated. We reverse the judgment and order a new trial, at which it is to be hoped a finding will be rendered which will enable the parties at least to know where and how they stand."

3. Special ground 7 of the motion for new trial alleges that the court erred in giving the following instruction to the jury: "I charge you that where a marriage contract has been dissolved by final verdict for divorce and monthly alimony payments awarded to the wife, upon the death of the husband the liability for subsequent payment ceases, and is not a charge against the estate." This special ground of the motion is not meritorious since this court in *Berry v. Berry*, 208 Ga. 285 (66 SE2d 336) held that where alimony is awarded and payable by installments during a fixed period of time any liability to pay the installments terminates on the death of the husband. The charge as given states an abstractly correct principle of law; and since it does, it was proper for the judge to so instruct the jury.

4. The remaining special grounds of the motion complain either about portions of the charge as given or the failure of the judge to give other instructions to the jury. These special grounds have been carefully examined and are found to be without merit. For the reasons stated in Divisions 1 and 2, a new trial must be and is ordered.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963.

*Roy B. Rhodenhiser, Jr., Buckner F. Melton, Mitchell P. House, Jr.,* for plaintiff in error.

*J. B. McGee, Gibson & McGee,* contra.