22207. LAUGHRIDGE, Administratrix v. LAUGHRIDGE.

CANDLER, Justice. A decree dissolving the marriage between Mary Louise Laughridge and A. G. Laughridge was rendered in the Superior Court of Fulton County on November 4, 1944. The decree also required the divorced husband to pay his divorced wife "the sum of $150.00 per month as permanent alimony, same to begin immediately and to be paid her for her natural life unless she should sooner remarry." There is no language in the decree which expressly or by necessary implication requires payment of the installments after the death of A. G. Laughridge. Such payments were regularly

made by A. G. Laughridge until the date of his death in 1962 and have not since then been paid. Thelma C. Laughridge, as the legal representative of the decedent's estate, filed a petition for a declaratory judgment against Mary Louise Laughridge which alleges that a controversy exists between them respecting her obligation as such representative to pay the monthly installments of alimony fixed by the decree which have accrued since the death of A. G. Laughridge and which will accrue under the terms of the decree during her natural life or widowhood. The defendant answered the petition and averred that her right to the monthly payment of the alimony installments as fixed by the decree did not terminate on the death of her former husband and she moved for a summary judgment holding and adjudicating that monthly payment of the alimony installments as fixed by the decree did not terminate on the death of her former husband and that it was the duty of his legal representative to make such payments to her from his estate. The parties stipulated that no issue of fact was involved and the trial judge was requested to hear and determine her motion at the earliest convenient date. The court held that the death of the defendant's former husband did not terminate her right to have the alimony installments paid according to the terms of the decree and that the plaintiff should pay them from his estate during her natural life unless she sooner remarried. The plaintiff excepted. *Held*:

In *Berry v. Berry*, 208 Ga. 285 (66 SE2d 336), where an alimony decree required the divorced husband to pay his divorced wife "$25.00 per month as long as she remained unmarried," it was held by a 5-2 decision that on the death of the former husband the liability for subsequent alimony payments terminated and was no longer a charge against his estate. In *Hinson v. Hinson*, 219 Ga. 287 (133 SE2d 25), this court unanimously approved the majority ruling made in the *Berry* case, and there is no difference in the meaning of the decree in that case and this one; they are in meaning exactly the same.

*Ramsay v. Sims*, 209 Ga. 228 (71 SE2d 639), cited and relied on by the defendant in error, does not require a ruling different from the one here made. There the wife's right to alimony was fixed and settled by a contract between the parties which was incorporated in and made a part of the decree and this

court held that the provision for alimony as made by their contract survived the death of the husband.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 15, 1963—DECIDED NOVEMBER 7, 1963.

*Grant & Spears, Robert W. Spears, William G. Grant,* for plaintiff in error.

*Hal Lindsey, Randolph Hayes,* contra.