22752, 22753.  REAGAN v. REAGAN; and vice versa.

CANDLER, Justice.  William Alfred Reagan filed a suit for divorce against Esther Naoma Reagan on the ground of wilful desertion. Mrs. Reagan answered his petition and denied its allegations of desertion and by cross petition alleged that he had wilfully abandoned her and had also cruelly mistreated her. She prayed for a divorce and for alimony and demanded a jury trial. On the trial each party introduced evidence in support of his or her respective contention. The jury brought in a verdict for divorce which did not specify whether it was for the plaintiff or for the defendant. It awarded to the defendant $12,500 as alimony and specified when and how it should be paid. The judge, after conferring with counsel for the parties, instructed the jury to return to their room and bring in a verdict specifying to whom the divorce was granted. The jury complied with his direction and on September 17, 1964, brought in a verdict which reads as follows: "We, the jury find that sufficient proofs have been submitted to our consideration to authorize the granting of a total divorce to the plaintiff, that is to say a divorce a vinculo matrimonii, upon legal principles between the parties to this case. Alimony award $12,500.00 to be paid as follows: $5,000.00 lump sum.

. . . Remainder at $100.00 monthly to defendant." This verdict was received, published and recorded. No motion for a new trial was made by either party but the plaintiff on September 30, 1964, filed a motion to modify and amend the verdict by striking therefrom the portion which awarded alimony to the defendant on the ground that an award of alimony could not be legally made by the jury after it had found from the evidence that the plaintiff was entitled to a divorce on his ground of wilful desertion. This motion was overruled. On the defendant's oral motion therefor the judge, on October 9, 1964, struck and set aside the second verdict which had been received, published and recorded and reinstated the first verdict which the jury had brought into court —the verdict which the court had previously declined to receive and order recorded. To the two aforementioned rulings which were adverse to the plaintiff, he excepted and assigned error thereon in his bill of exceptions. The defendant in a cross bill of exceptions assigned error on the court's failure to receive and cause to be recorded the first verdict the jury brought in which reads as follows: "We, the jury find that sufficient proofs have been submitted to our consideration to authorize the granting of a total divorce, that is to say a divorce a vinculo matrimonii upon legal principles between the parties to this case. Alimony award $12,500.00 to be paid as follows: $5,000.00 lump sum. . . Remainder at $100.00 monthly to defendant." On the reinstated verdict and pursuant to its terms, the court on October 9, 1964, entered a judgment and decree which (1) granted a divorce to both of the parties, (2) required the plaintiff to pay the defendant as alimony $5,000 immediately and $100 per month until the awarded amount of $12,500 was paid in full, and (3) taxed the costs of the proceedings against the plaintiff. *Held:*

1. The plaintiff's motion to amend and modify the second verdict which was returned in this case was properly overruled by the trial judge. This motion sought to substantially amend and modify the verdict after it had been received, published and recorded and after the jury had dispersed and it is clearly settled by *Code* § 110-111 and by numerous decisions of this court that while a verdict may be amended in mere matter of form after it has been received, published and recorded and after the jury has dispersed, yet it may not then be amended in matter of substance either by what the jurors say they

intended to find or otherwise. See *Wood v. McGuire,* 17 Ga. 361 (63 AD 246); *Mullins v. Christopher,* 36 Ga. 584 (4); *Brooke v. Lowry National Bank,* 141 Ga. 493 (6) (81 SE 223); and *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862) and the several cases there cited. The motion to strike the award for permanent alimony in this case was one seeking to substantially amend and modify the verdict after it had been received and recorded and after the jury had dispersed and it is clear that such a motion should not be granted. Hence, there is no merit in the contention that the court erred in overruling the plaintiff's motion.

2. The defendant's motion to vacate and set aside the second verdict rendered in this case and to reinstate the first one brought in by the jury is not sustainable. This is wholly unauthorized procedure. The first verdict was never received, published, or recorded and for that reason it did not become a valid verdict; and since the court had no authority to reinstate that finding as a jury verdict, it formed no basis upon which the court could render a final judgment. Hence, the court was wholly unauthorized to reinstate the first finding which the jury brought into court and to vacate and set aside the second verdict which the record shows the court received, published and caused to be recorded.

3. The verdict in this case which the court received, published and caused to be recorded is a finding that the plaintiff was entitled to a divorce on his ground of wilful desertion. It is also a finding that the defendant was entitled to a divorce and permanent alimony on her cross petition alleging cruel treatment and wilful desertion. No other construction can be placed upon it. It is therefore apparent that this verdict contains inconsistent and diametrically opposite findings and when taken together they present an absolutely illogical result of the pleadings and the evidence. See *Hyndman v. Hyndman,* 208 Ga. 797 (69 SE2d 859); and *Moon v. Moon,* 216 Ga. 627 (118 SE2d 473). It is impossible to say with any degree of certainty what the jury believed or what they disbelieved. The meaning of the word verdict—"a true saying"—is set at naught and rendered ridiculous by the jury's contradictory and inconsistent findings. The situation brought about by such findings is anomalous and cannot be tolerated. Justice is not meted out between parties litigant by such contradictory and inconsistent findings which are not supported by

590

applicable law and the evidence in the case. We therefore order a retrial of this case and it is to be hoped that a finding will then be rendered which will enable the parties at least to know where and how they stand. See, in this connection, *Anthony v. Anthony*, 103 Ga. 250 (29 SE 923); *Hinson v. Hinson*, 219 Ga. 287 (133 SE2d 25).

*Judgment affirmed on the main bill; reversed on the cross bill. All the Justices concur.*

SUBMITTED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965.

*Clower & Royal*, for plaintiff in error.
*Rogers, Magruder & Hoyt*, contra.