## 22955. WILCOX v. WILCOX.

SUBMITTED MAY 10, 1965—DECIDED JUNE 14, 1965.

*Gordon Knox, Jr.,* for plaintiff in error.

ALMAND, Justice. Mrs. Eudelle G. Wilcox in January, 1963, filed her suit against her husband, Ben F. Wilcox, and prayed that she be awarded permanent alimony. The husband filed his answer and prayed that her prayer be denied. In August, 1963, the husband filed his suit for a total divorce on the grounds of desertion. The wife filed an answer denying that she had deserted him. In March, 1964, by consent of the parties, the suit of the wife for permanent alimony and the husband's suit for divorce were tried together. The jury returned the following verdict: "We the jury find for divorce to Ben Wilcox. We find for removing Mrs. Wilcox's disabilities regarding alimony for Mrs. Wilcox. We award $500.00 (Five Hundred & No/100 ———Dollars) in lump sum." A final decree was entered upon the verdict. The wife's motion for a new trial upon the general grounds and one special ground was overruled, and error is assigned on this order.

The wife, in her brief in this court, has abandoned her special ground and relies solely on the general grounds. The sole contention is that the verdict of the jury awarding her permanent alimony on her petition is inconsistent with the verdict rendered by the jury in her husband's suit granting him a divorce on the sole ground of desertion, and that such inconsistency renders the verdict as a whole void.

In *Hudson v. Hudson*, 189 Ga. 410 (5 SE2d 912), the husband sued his wife on the grounds of wilful desertion. By cross action the wife sought a divorce on the grounds of cruel treatment, and permanent alimony. The jury returned a verdict granting the husband a total divorce and awarded the wife permanent alimony. It was there held: "Where the husband is granted a total divorce on the ground of wilful desertion, the wife is not entitled to permanent alimony. It is error to charge the jury that if they find a verdict in favor of the plaintiff on his petition for divorce on the ground of wilful desertion and against the wife on her cross libel praying for divorce on the ground of cruel treatment, the jury is authorized in its discretion to award permanent alimony to the wife." *Hudson v. Hudson*, 189 Ga. 410, supra. In the opinion, concurred in by all the Justices, it was said: "For the jury to have returned a verdict in favor of the plaintiff for divorce and against the defendant on her cross libel for divorce, and then award permanent alimony to the defendant, they would necessarily have had to make conflicting constructions of the same evidence. Such a verdict would have held that in one instance the evidence showed the plaintiff blameless while in another he was at fault. It would have thus constituted irreconcilable findings on the same facts, and could not be allowed to stand. *Anthony v. Anthony*, 103 Ga. 250 (29 SE 923)." *Hudson v. Hudson*, 189 Ga. 410, 413, supra. In the *Anthony* case it was held: "Where a woman brought against her husband a libel for divorce on the ground of cruel treatment, and he filed against her a cross libel on the ground of adultery, and upon the trial the jury returned two verdicts, one finding in the libelant's favor a partial divorce, and the other finding in the respondent's favor a total divorce: Held, that if two such verdicts could under any circumstances stand together, they ought to be set aside and a new trial had

when it affirmatively appears that under the evidence submitted pro and con., these verdicts were absolutely inconsistent with each other and manifestly based on diametrically conflicting opinions as to the credibility of the same witnesses." *Anthony v. Anthony,* 103 Ga. 250, supra.

In the instant case both parties introduced evidence that would have supported the allegations of their respective petitions that the opposite party had been guilty of desertion. The court correctly charged that if the separation was caused by the wife voluntarily abandoning her husband, the jury would not be authorized to grant the wife alimony. As was held in *Hinson v. Hinson,* 219 Ga. 287, 288 (133 SE2d 25): "The verdict here is a finding by the jury that the husband is entitled to a divorce on his ground of wilful desertion. It is also a finding by the jury that the wife is entitled to a divorce and alimony on her ground of cruel treatment. No other construction can be placed on the verdict. The two findings are wholly inconsistent and diametrically opposite findings and cannot stand for the reason that they are contrary to the evidence and contrary to law."

As was said in *Anthony v. Anthony,* 103 Ga. 250, 251, supra: "The situation brought about by these findings is anomalous, and can not be tolerated. We reverse the judgment and order a new trial, at which it is to be hoped a finding will be rendered which will enable the parties at least to know where and how they stand."

*Judgment reversed. All the Justices concur.*