23008. REAGAN v. REAGAN.

SUBMITTED JUNE 14, 1965—DECIDED JULY 12, 1965.

*Rogers, Magruder & Hoyt, Floyd B. Chaite,* for plaintiff in error.

*Clower & Royal, E. J. Clower, Robert L. Royal,* contra.

ALMAND, Justice. This is a divorce case which appears before this court for the second time. The plaintiff, William Alfred Reagan, filed suit for divorce against the defendant, Esther Naoma Reagan, alleging wilful desertion. In her cross petition, the defendant alleged that the plaintiff cruelly mistreated her and wilfully abandoned her, and she prayed for the grant of a divorce and permanent alimony. A trial was had and the court adopted a verdict which granted a divorce to the plaintiff and gave permanent alimony to the defendant. In *Reagan v. Reagan,* 220 Ga. 587 (140 SE2d 841) this court held that the verdict

was inconsistent and ordered a new trial. In the course of the opinion it was said: "The verdict in this case which the court received, published and caused to be recorded is a finding that the plaintiff was entitled to a divorce on his ground of wilful desertion. It is also a finding that the defendant was entitled to a divorce and permanent alimony on her cross petition alleging cruel treatment and wilful desertion. No other construction can be placed upon it. It is therefore apparent that this verdict contains inconsistent and diametrically opposite findings and when taken together they present an absolutely illogical result of the pleadings and the evidence. . . It is impossible to say with any degree of certainty what the jury believed or what they disbelieved. . . *We therefore order a retrial of this case* and it is to be hoped that a finding will then be rendered which will enable the parties at least to know where and how they stand." (Emphasis supplied). On April 2, 1965, after judgment on the remittitur was entered by the trial court, a hearing was held on defendant's motion for judgment notwithstanding the verdict. This hearing had been continued to that date by agreement of the parties and the court. After the hearing the motion was overruled, and the sole assignment of error is on the court's order overruling defendant's motion for judgment notwithstanding the verdict.

The grant of a new trial eliminates everything which is pending in the old trial. When a new trial is granted, the effect is to set aside all proceedings in the old trial. See *U. S. Fidelity &c. Co. v. Clarke,* 187 Ga. 774, 782 (2 SE2d 608). "Where a new trial has been granted, the case stands ready for trial as if there had been no trial. The effect of the grant of a new trial by this court is to require the case to be heard de novo unless specific direction be given in regard thereto. *Code* § 70-401; *Anderson v. Clark,* 70 Ga. 362 (2)." *Leventhal v. Baumgartner,* 209 Ga. 404 (73 SE2d 194). The pending motion for judgment notwithstanding the verdict in the case at bar became a nullity when this court ordered that a new trial be had. The grant of the new trial had the effect of eliminating everything still pending in the old trial. The judgment is reversed with direction given that the trial court enter an order dismissing defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed with direction. All the Justices concur.*