### 24635. BRYANT v. BRYANT.

SUBMITTED MAY 14, 1968—DECIDED MAY 23, 1968.

*W. D. Knight, E. R. Smith, Sr.,* for appellant.
*Edward Parish, Robert Sumner,* for appellee.

NICHOLS, Justice. Mrs. Mary Bryant filed an action for divorce against Lonnie Bryant. The jury returned a verdict "in favor of the divorce" and awarded as alimony "one-half (½) of Lonnie Bryant estate." The defendant appealed.

■ The first three enumerations of error complain that the verdict and judgment based thereon are illegal because the plaintiff prayed for temporary and permanent alimony in a given sum per week and also for permanent alimony based on a share of the defendant husband's property. The verdict as to alimony was for a share of the husband's property. "The question of alimony cannot be determined by a mathematical formula as the facts and circumstances in each case are different. The jury is allowed a wide latitude in determining the amount to be awarded." *Jeffrey v. Jeffrey,* 206 Ga. 41, 42 (55 SE2d 566). Thus, while a

prayer for alimony is necessary to support an award of alimony (*Pray v. Pray*, 223 Ga. 215 (154 SE2d 208)), the fact that the petition contained specific prayers will not invalidate a verdict based upon only one of such prayers. These enumerations of error are without merit.

The fourth and sixth enumerations of error complain that the decree was invalid as containing items not included in the verdict. The verdict awarded the plaintiff wife "alimony in the amount of one-half (½) of Lonnie Bryant estate" and the decree specified one-half of the realty and personalty owned by the defendant Lonnie Bryant. *Code* § 85-104 defines "estate" as the quantity of interest an owner has in property and further provides that it is applicable equally to realty and personalty. See also *Code Ann.* § 30-209 which provides that alimony may be awarded from the corpus of the estate of the husband or otherwise. The decree, by referring to personalty, did not contain items not included in the verdict.

■ The decree awarding the wife a one-half undivided interest in the real estate as well as one-half of the personalty was not void.

■ The seventh enumeration of error complains that the verdict finding in favor of "the divorce" was inconsistent and void because it had the effect of granting the plaintiff a divorce on her allegations of cruel treatment and on the defendant's allegations of desertion. Had the defendant husband's answer sought a divorce on grounds of desertion, this contention would have been meritorious (see *Wilcox v. Wilcox*, 221 Ga. 113 (143 SE2d 166)), but since the only prayers for a divorce were contained in the plaintiff wife's petition, the verdict finding in favor of "the divorce" must be construed as being based on the prayers of the plaintiff's petition.

*Judgment affirmed. All the Justices concur.*