25256. WILCOX v. WILCOX, Executor.

FRANKUM, Justice. The appeal here is from the judgment of the trial court sustaining the defendant's motions to dismiss the plaintiff's complaint and to grant a summary judgment for the defendant.

1. Count 1 of the original complaint sought a judgment decreeing specific performance of an alleged written promise of the defendant's testator dated December 1, 1938, by which he agreed "to convey by warranty deed to Eudelle Girtman, my future wife, all of my property that I now own after we are married." It appears from the complaint and from the answers of the plaintiff to interrogatories and requests for admissions filed by the defendant that the plaintiff and Ben F. Wilcox were married on December 25, 1938; that they lived together as husband and wife until sometime in 1956 when they separated; that the plaintiff sued him for divorce and alimony in January, 1963, and that a divorce was granted to her without the award of alimony at the September term 1965 of Jeff Davis Superior Court; that Ben F. Wilcox died on May 14, 1968, and the instant suit was filed on or about September 19, 1968. The action, being one to enforce an ante-nuptial marriage agreement entered into under the provisions of Code § 53-401, if it was not barred by any other statutory limitation on the right to sue, was certainly barred by the provisions of the aforesaid Code section which limits the right to recover on such a contract to "any time during the life of the husband." See Loyd v. Loyd, 203 Ga. 775 (48 SE2d 365).

2. By amendment the plaintiff added Count 2 to her complaint seeking therein to have the divorce decree and the judgment denying alimony set aside because of alleged fraud on the part of Ben F. Wilcox in improperly procuring the jurors in the divorce case to render a verdict denying alimony to the plaintiff. The verdict and judgment awarding a divorce to the plaintiff was rendered on the prayers of the plaintiff. Insofar as the verdict and judgment in the divorce case awarded her a divorce, it was in her favor and she therefore cannot now complain of it. The only basis upon which she now complains is that the verdict and judgment also denied her alimony. The plaintiff's right to receive alimony out of the estate of her husband ceased and terminated upon his

death. *Berry v. Berry,* 208 Ga. 285 (1) (66 SE2d 336); *Hinson v. Hinson,* 219 Ga. 287 (3) (133 SE2d 25); *Laughridge v. Laughridge,* 219 Ga. 415 (133 SE2d 884). Under these circumstances a judgment setting aside the divorce decree, insofar as it denied alimony to the plaintiff, would be of no benefit to her since upon a retrial of the case a jury would be powerless to award alimony to her. It follows therefore that all questions respecting the award or denial of alimony to the plaintiff are moot, and for this reason the trial court did not err in refusing to set the judgment aside.

*Judgment affirmed. All the Justices concur, except Felton, J., who concurs in part and dissents in part.*

SUBMITTED JULY 14, 1969—DECIDED SEPTEMBER 8, 1969.

*Odom & Dendy, Thomas M. Odom, Florence Hewlett Dendy,* for appellant.

*C. W. Heath,* for appellee.

FELTON, Justice, concurring in part and dissenting in part. I concur in the ruling in Division 1 of the opinion concerning the right to seek to enforce an ante-nuptial agreement after the death of the husband.

I dissent from the ruling in Division 2 for the reason that the action for alimony was originally instituted before the death of the husband and if the husband had died before the case was tried it survived against the representative of the husband's estate for alimony up to the time of the husband's death. Therefore, if the verdict disallowing alimony should be set aside, the right of the wife for alimony up to the husband's death could be prosecuted by the wife against the representative of the husband's estate. This question seems to me to be analogous to a situation where a person is injured and damaged by another and the injured person sues for personal injuries and dies before the case is tried. In such a case the personal representative of the injured person's estate may proceed with the case to seek to recover for the personal injuries of the injured person up to the time of his or her death.