CHARLES O. HOGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hogan v. Commissioner
Docket No. 1708-76.
United States Tax Court
T.C. Memo 1977-258; 1977 Tax Ct. Memo LEXIS 184; 36 T.C.M. (CCH) 1043; T.C.M. (RIA) 770258; August 9, 1977, Filed Charles O. Hogan, pro se. Maurice W. Gerard, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Taxable year
Deficiency
1971
$1,184.32
1972
1,639.73
1973
1,340.94
The issue for decision is whether petitioner may deduct from his gross income under the provisions of section 215 [1] payments to his former wife during the years 1971, 1972 and 1973 pursuant to a separation agreement which was incorporated into a decree of divorce. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Rock Hill, South Carolina. *186 Petitioner and his present wife filed joint Federal income tax returns for the taxable years 1971, 1972 and 1973 with the Internal Revenue Service Center, Chamblee, Georgia. Petitioner and his then wife Betty Jean Mortenson Hogan, hereinafter sometimes referred to as Betty, were divorced in June 1968. As part of the decree, the Fulton County Superior Court incorporated a separation agreement dated May 25, 1968, entered into between petitioner and Betty. The separation agreement provided that Betty was to receive possession of the family house, all petitioner's interest in the family furnishings, an automobile, half of petitioner's interest in his shares of American Koyo Corporation stock then held by petitioner or thereafter acquired pursuant to a stock purchase program. The agreement further provided that petitioner would maintain medical and hospital insurance policies for the benefit of his daughter and wife so long as they remained unmarried, that petitioner would pay for four years of college education for his daughter and loan Betty money to attend two years of college. Petitioner further agreed to pay the sum of $21,600 to the wife at the rate of $300 per month for *187 six years. As consideration for the promises set forth in the agreement, Betty agreed to relinquish forever, except as provided in the agreement, any claims against petitioner arising out of the marital relationship, including claims for dower, support, alimony or maintenance. On petitioner's Federal income tax returns filed for the taxable years 1971, 1972 and 1973, petitioner claimed as a deduction alimony payments in the amounts of $3,334.60, $3,935.68 and $3,600.00, respectively. Of the amounts claimed in 1971 and 1972, respondent allowed an alimony deduction in the amounts of $289.60 and $335.68, respectively. These amounts represented payments for medical and hospital insurance which respondent has allowed as alimony. The remaining amounts of $3,045.00, $3,600.00 and $3,600.00 for the taxable years 1971, 1972 and 1973, were disallowed as an alimony deduction for the years 1971, 1972 and 1973, respectively. OPINION Petitioner and his wife were granted a divorce by a decree of the Fulton County Superior Court, Georgia, dated June 14, 1968. As part of the decree, the Superior Court incorporated a separation agreement entered into between petitioner and his former wife. *188 The agreement provided, among other things, that petitioner was to pay to his former wife the sum of $21,600 at the rate of $300 per month until paid in full. During the years 1971, 1972 and 1973, petitioner made payments in the amounts of $3,334.60, $3,935.68 and $3,600.00, respectively. These amounts were deducted by petitioner and his present spouse as alimony payments on their Federal income tax returns for the years in issue. Respondent disallowed the amounts of $3,045.00, $3,600.00 and $3,600.00 as alimony deductions for the years 1971, 1972 and 1973, respectively. Under the provisions of section 215, payments are deductible by the petitioner if they are includible in the income of petitioner's former wife under the provisions of section 71. Section 71(a)(1) provides that a divorced or legally separated wife's gross income includes periodic payments received after the decree of divorce or separate maintenance in discharge of a legal obligation which, because of the marital relationship, is imposed on the husband under the decree or a written instrument incident to such divorce or separation. Section 71(c)(1) provides that for the purpose of section 71(a), installment *189 payments discharging part of an obligation, the principal sum of which is either in terms of money or property specified in the decree or agreement, should not be treated as periodic payments. Accordingly, payments treated as installment payments, rather than periodic payments, are not includible in the wife's gross income. Section 71(c)(2) and section 1.71-1(d)(3), Income Tax Regs., provide two exceptions to the provisions of section 71(c)(1) and allow payments discharging part of a principal sum to be treated as periodic payments under certain circumstances. Section 71(c)(2) provides that when the period for payment is more than 10 years such payments qualify as periodic for purposes of section 71(a). Section 1.71-1(d)(3), Income Tax Regs., provides that when payments are to be paid over a period of 10 years or less, such payments are not installment payments discharging a part of the specified principal sum, but are considered periodic payments if such payments meet the following two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and *190 (b) Such payments are in the nature of alimony or an allowance for support. Since the agreement specified that the sum of $21,600 shall be paid in monthly payments for a period of six years, the payments must be treated as installment payments discharging part of a principal sum unless they satisfy the requirements of section 1.71-1(d)(3), Income Tax Regs.
The terms of the agreement do not subject the payments to any contingencies. However, section 1.71-1(d)(3)(ii)(a), Income Tax Regs., provides that contingencies may be imposed by local law. It is clear that under local law alimony payments are subject to such contingencies. Georgia law provides for the termination of permanent alimony upon the occurrence of remarriage of the wife. Ga.CodeAnn. sec. 30-299 (1969); upon the death of the husband, Laughridge v. Laughridge,219 Ga. 415, 133 S.E. 2d 884 (1963); or upon the death of the wife, since alimony is defined by Georgia law as "an allowance out of the husband's estate, made for the support of the wife when living separate from him." Ga.CodeAnn. sec. 30-201 (1969). An award of permanent alimony is also subject to revision upon a *191 change in the income and financial status of the husband. Ga.CodeAnn. sec. 30-220 (1969). Accordingly, if the payments in question are deemed to constitute "alimony" under Georgia law, such payments would meet the requirements of section 1.71-1(d)(3), Income Tax Regs. However, respondent contends that the payments are not "alimony" under Georgia law. Georgia law defines "alimony" as "an allowance out of the husband's estate, made for support of the wife when living separate from him." Ga.CodeAnn. sec. 30-201 (1969). The Court has taken provisions of the entire separation agreement into consideration. Based on the entire agreement, the Court concludes that the $21,600 payable in monthly installments of $300 was intended to be in satisfaction of petitioner's obligation to support his former wife. As such, the payments are within the definition of alimony payments under Georgia law and satisfy the requirement of section 1.71-1(d)(3)(i)(a), Income Tax Regs.
The agreement provided for a division of property between the husband and wife in addition to the provision requiring payment of $21,600 over a six-year period. The wife received exclusive possession *192 of the family home and received all of the family furnishings outright. The agreement also provided for the wife to receive an automobile and one-half of the husband's shares of the stock owned and to be acquired later by the husband in American Koyo Corporation. No provision in the agreement was made expressly for the support of the wife. Paragraph 14 did, however, provide that the wife relinquish forever: * * * any and all claims she has against the husband as a result of her marriage to him, including any claims for dower, support, alimony or maintenance arising out of her marriage to him. Since it appears that the agreement did effect a division of property between the parties, provided for monthly payments over a six-year period, released the husband from any claim of alimony and did not expressly provide for alimony, it must be concluded that the $300 monthly payments were in satisfaction of petitioner's obligation to support his former wife. As such, the payments are within the definition of alimony under Georgia law. Accordingly, since the payments were subject to a contingency under Georgia law and in the nature of alimony, section 1.71-1(d)(3), Income Tax Regs. *193 , is applicable and the payments will be treated as periodic. As periodic payments, they are includible in the gross income of the wife under section 71 and deductible by the husband under section 215. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩