295 Ga. 42
FINAL COPY

S14A0254. BRANTLEY v. McMICHAEL.

MELTON, Justice.

On January 23, 2009, Darrell Brantley filed a Petition in the Superior Court of Jasper County to probate a July 1, 2008 Will that had allegedly been executed by Michael Jones ("Mr. Jones"), who died on December 9, 2008. The Administrator of Mr. Jones' estate, Hope Phillip McMichael, filed a Caveat to Brantley's Petition, which the Probate Court granted. Brantley appealed the ruling in McMichael's favor, and the case was transferred to the Superior Court of Jasper County for de novo review. In the Superior Court, Brantley filed a Motion For Summary Judgment, which was denied. McMichael then filed another Caveat, and, following a November 14-15, 2011 jury trial, the jury ruled in favor of McMichael. Brantley then filed a Motion for New Trial and a Motion for Judgment Notwithstanding the Verdict. Brantley failed to argue the judgment n.o.v. issue at the hearing on his Motion for New Trial, and the Motion for New Trial was granted on September 26, 2012. Thereafter, the Motion for Judgment n.o.v. was argued on January 29, 2013, and it was denied

on February 4, 2013. This case was subsequently tried again to a jury, which again found in favor of the Caveator, McMichael. Brantley now appeals, arguing that the trial court erred in denying his Motion for Judgment n.o.v. relating to the first trial of this case, and that the trial court erred in denying the Motion for Summary Judgment that he filed before the first trial. For the reasons that follow, we affirm.

In light of the specific procedural posture of this case, Brantley's arguments relating to the evidence considered by the Superior Court with respect to both his Motion for Summary Judgment and his Motion for Judgment n.o.v. are misplaced. Indeed, because Brantley's Motion for New Trial was *granted* with regard to the first trial of this case without Brantley having sought or obtained a ruling on his Motion for Judgment n.o.v., and because Brantley's Motion for Summary Judgment had already been rendered irrelevant at that point due to the first trial having been completed, any questions relating to the Motions for Summary Judgment and Judgment n.o.v. relating to that first trial were moot. As this Court has made clear, "[t]he grant of a new trial eliminates *everything* which is pending in the old trial. When a new trial is granted, the effect is to set aside *all* proceedings in the old trial." (Emphasis supplied.)

2

Reagan v. Reagan, 221 Ga. 173, 174 (143 SE2d 736) (1965). As soon as Brantley's Motion for New trial was granted, all proceedings relating to that first trial, which would necessarily include the pretrial Motion for Summary Judgment and the Motion for Judgment n.o.v. from the first trial, were eliminated. See id. In other words, just as the pretrial Motion for Summary Judgment relating to the first trial became a nullilty following the grant of Brantley's Motion for New Trial, "[t]he pending motion for judgment notwithstanding the verdict in the case at bar [also] became a nullity when [the trial] court ordered that a new trial be had." Id. Accordingly, Brantley's attempt to challenge the trial court's rulings on these Motions relating to the first trial of this case at this point in the proceedings is without merit.

Judgment affirmed. All the Justices concur.

Decided March 3, 2014 – Reconsideration denied April 10, 2014.

Wills. Jasper Superior Court. Before Judge Prior.

Thomas F. Jarriel, for appellant.

Martin L. Fierman, Stephen R. Morris, for appellee.